The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Relator,

v.

The Honorable Weldon KIRK, Respondent.

Nos. 11–86–011–CV, 11–86–022–CV.

Court of Appeals of Texas, Eastland.

Feb. 27, 1986.

Rehearing Denied March 27, 1986 (11–86–011–CV).

Zollie Steakley, Wilks & Steakley, Sweetwater, William F. Peters, Jr. and Brad G. Repass, Hudson, Keltner, Smith, Brants & Sparks, Fort Worth, for relator.

R. Temple Dickson, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, J. Donald Bowen, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, Weldon Kirk, Judge, 32nd District Court, Sweetwater, for respondent.

OPINION

RALEIGH BROWN, Justice.

These are original proceedings in mandamus. The matters at bar arose as a result of a collision between an Atchison, Topeka and Santa Fe Railway Company freight train and a Missouri-Pacific freight train. R.D. Stringer, head brakeman of the Santa Fe train, was killed, and his wife, Vikki B. Stringer, filed suit against Santa Fe. On October 30, 1985, the deposition of Santa Fe Special Agent John Holem was scheduled to be taken in Sweetwater, Texas. During the deposition, Santa Fe instructed Special Agent Holem not to answer certain questions on the grounds that the testimony sought was privileged. Additionally, Santa Fe also refused to produce Special Agent Holem's notebook which was compiled during the investigation of the train collision. On November 11, 1985, Santa Fe filed a motion for protective order contending that both the testimony sought from Special Agent Holem and his notebook came within Santa Fe's post-accident investigation privilege. The trial court, on January 14, 1986, entered an order which provides in pertinent part:

It is therefore ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Protective Order is overruled and denied, that the notes prepared by Special Agent Holem during his investigation of the incident made the basis of this suit shall be produced to Plaintiffs in their entirety, and that Special Agent Holem shall be compelled to testify regarding all aspects and details of his entire investigation of the accident made the basis of this suit. This order shall be effective immediately; however, in the event defendant files a Motion for Leave to File an Application for Writ of Mandamus on or before January 15, 1986, same shall be stayed until such time as the Court of Appeals has concluded proceedings thereon.

An application for writ of mandamus was not filed by Santa Fe on or before January 15, 1986; rather, Santa Fe filed a motion for reconsideration with the trial court on January 15, 1986. A supplemental motion for reconsideration was also filed by Santa Fe. Citing Santa Fe's failure to comply with the order of the trial court, Mrs. Stringer filed a motion for sanctions on January 28, 1986. On January 30, 1986, Santa Fe's motions for reconsideration were denied, and the next day a hearing was held on the motion for sanctions. The trial judge signed an order imposing sanctions on February 13, 1986. The order imposing sanctions provided that all future depositions between the parties will be conducted in Sweetwater, Nolan County, Texas, and Santa Fe was ordered to pay $200 as attorney's fees.

A petition for writ of mandamus was filed by Santa Fe with this Court on January 31, 1986 (Cause No. 11–86–011–CV). Such petition declared that the trial court had abused its discretion in overruling Santa Fe's motion for protective order. A second petition for writ of mandamus was filed by Santa Fe on February 13, 1986 (Cause No. 11–86–022–CV), contending that the trial court abused its discretion by entering an order imposing sanctions. Both petitions for writ of mandamus will be considered in this opinion.

A writ of mandamus is issuable by this Court only upon a showing that the trial court abused its discretion or violated a plain legal duty imposed by law. See, e.g., Johnson v. The Honorable Fourth Court of Appeals, 700 S.W.2d 916 (Tex. 1985); State v. Walker, 679 S.W.2d 484 (Tex.1984); State v. Sewell, 487 S.W.2d 716 (Tex.1972). As stated by the Texas Supreme Court in Johnson:

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.

We must first determine whether the trial court abused its discretion in denying Santa Fe's motion for protective order and ordering Santa Fe to produce Special Agent Holem's testimony and notebook.

Santa Fe claims that the testimony and notebook of Special Agent Holem is not

discoverable because his investigation is a privileged communication under TEX.R. CIV.P. 166b 3d. We agree.

The following matters are not discoverable pursuant to TEX.R.CIV.P. 166b 3d:

[W]ith the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen....

It is uncontroverted that Special Agent Holem is an employee of Santa Fe; that he was dispatched to the scene of the accident shortly after it occurred; and that in the ensuing weeks he investigated the circumstances of the collision for the benefit of and at the direction of his employer. Santa Fe does not claim its privilege as to that part of Special Agent Holem's investigation conducted on the day of the collision, but only as to that part conducted "subsequent to the occurrence." See TEX.R.CIV.P. 166b 3d.

■ Respondent argues that the privilege in Rule 166b may be asserted by Santa Fe only as to its "claim agents" who investigate accidents out of which a civil suit may arise, and not as to its "special agents" who investigate accidents with an eye toward any criminal activity accompanying the occurrence. Santa Fe claims, in this particular instance, that Special Agent Holem also participated in the broader investigation of the wreck. The fact that Special Agent Holem may or may not have been investigating every aspect of the collision is immaterial to the privilege. As an employee, Special Agent Holem was assigned a particular task within the overall framework of the company's in-house inquiry. Neither his office (peace officer and special agent) nor his particular area of expertise (possible criminal wrongdoing) alters the nature of his activity: a post-accident investigation at the direction of his employer. The rule is clear that the post-accident communications of an agent, representative, or employee "made in connection with the prosecution, investigation, or defense of the claim *or the investigation of the occurrence* or transaction out of which the claim has arisen" [emphasis added] is privileged. TEX.R.CIV.P. 166b 3d. Moreover, a number of Santa Fe employees were at the scene examining diverse aspects of the collision. The fact that Santa Fe has chosen not to claim the post-accident privilege as to all specialists is immaterial to the validity of the privilege asserted with regard to any particular employee, such as Special Agent Holem.

■ It is noted that while a claim or suit had not yet been filed at the time of the investigation, the privilege extends to investigations conducted when one has "good cause to believe" a suit will be filed. See *Allen v. Humphreys*, 559 S.W.2d 798 (Tex. 1977). We hold that Santa Fe had a valid right to invoke the protection of TEX.R. CIV.P. 166b 3d at Special Agent Holem's deposition.

Respondent also argues that Santa Fe waived its right to invoke the privilege at the deposition because it had previously allowed Special Agent Holem to testify at a "formal investigation" hearing conducted for the purpose of disciplining the train crew involved in the collision. We disagree.

■ Generally, a privilege is waived when the party asserting the privilege divulges the information to third parties. See *Dobbins v. Gardner*, 377 S.W.2d 665 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.). Here, the third parties present at the formal hearing inquiring into the train collision included Union Officials, representatives from the National Transportation Safety Board, and the Federal Railroad Administration. A collective bargaining agreement mandated the Union's presence at the hearing, and Title 49 of the

Code of Federal Regulations sec. 840.5 and sec. 225.31 required Santa Fe to reveal to the National Transportation Safety Board and the Federal Railroad Administration all data concerning train wrecks. Therefore, the disclosure of the privileged material in the presence of the Union, the National Transportation Safety Board, and the Federal Railroad Administration was not voluntary on the part of Santa Fe.

A compulsory disclosure of material, which is otherwise privileged, in compliance with federal or state law does not constitute a waiver of the privilege sought to be asserted in a later state court proceeding. See *Transamerica Computer Company, Inc. v. International Business Machines Corporation*, 573 F.2d 646 (9th Cir.1978); *In re Grand Jury Subpoena, Dated July 13, 1979*, 478 F.Supp. 368 (E.D. Wis.1979); *Duplan Corporation v. Deering Milliken, Inc.*, 397 F.Supp. 1146 (D.S.C. 1974); see also *United States v. Goodman*, 289 F.2d 256 (4th Cir.1960); *Poretto v. United States*, 196 F.2d 392 (5th Cir.1952). The latter two cases hold that even a waiver of the fifth amendment privilege in one proceeding does not constitute waiver of the privilege in other proceedings arising out of the same transaction.

We hold that Santa Fe had the privilege and that it did not waive its post-accident investigation privilege by disclosures made at the formal investigation hearing. To hold otherwise would encourage non-compliance with federal law, impede the promotion of safety by discouraging companies from disciplining employees, and fail to give effect to Rule 166b 3d. Since the communications of Special Agent Holem are privileged and the privilege has not been waived, the trial judge clearly abused his discretion in ordering full disclosure by Special Agent Holem of "all aspects and details of his entire investigation," ordering the production of his notebook, and not granting Santa Fe's motion for a protective order.

Respondent argues that this Court does not have jurisdiction to consider Santa Fe's petition for mandamus concerning the sanc-

tions. Respondent cites TEX.R.CIV.P. 215 which states, in relevant part, that "an order shall be subject to review on appeal from the final judgment." We hold that such language does not foreclose Santa Fe's right to seek redress through mandamus.

The fact that Rule 215 authorizes consideration of a sanction on appeal from a final judgment cannot be read to abrogate all other procedural remedies normally available to a party. Mandamus, being an extraordinary remedy, is a tool which can be utilized to protect one's rights *when there is no other adequate remedy at law.* See *Johnson v. The Honorable Fourth Court of Appeals*, supra; *State ex.rel. Pettit v. Thurmond*, 516 S.W.2d 119 (Tex. 1974). If the remedy at law authorized by Rule 215 is not adequate to protect Santa Fe's rights, mandamus is an appropriate remedy by which to complain of the order imposing sanctions.

The trial court abused its discretion by ordering Santa Fe to divulge Special Agent Holem's testimony and notebook. Therefore, the order imposing sanctions is subject to mandamus. As declared by the court in *Wynne v. Rochelle*, 385 F.2d 789 (5th Cir.1967):

> When an order is set aside as improvidently granted, the prior status of the case is restored and the situation is the same as though the order or judgment had never been entered.

The court in *Carter v. McHaney*, 373 S.W.2d 82 (Tex.Civ.App.—Corpus Christi 1963, no writ), ruled that when an appellate court reverses an improper judgment of a trial court and renders a proper judgment, such relates back to the date of the improper judgment. See also *Phillips v. Wertz*, 546 S.W.2d 902 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). Due to Santa Fe's privilege being upheld, such necessitates a holding that the trial court abused its discretion in ordering sanctions.

We are certain that Judge Kirk will grant Santa Fe's motion for protective order and enter an order which vacates the

order imposing sanctions. Should he fail to do so, writs of mandamus will issue.