MOTORS INSURANCE
CORPORATION,
Relator,

v.

The Honorable John
FASHING, Respondent.

No. 08–87–00314–CV.

Court of Appeals of Texas,
El Paso.

Jan. 27, 1988.

J. Monty Stevens, Dudley, Dudley and Windle, El Paso, for relator.

John L. Fashing, County Court at Law No. Two, Evelina Ortega, Caballero & Panetta, El Paso, for respondent.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

Relator seeks writ of mandamus to compel the judge of the County Court of Law Number Two of El Paso County to sever two different causes of action between the same parties. We deny.

■ Plaintiff alleges two causes of action against Defendant insurance company. One is based upon uninsured motorist provisions of an insurance policy. The second claims a breach of duty of good faith in denying liability under the policy.

Defendant contends the trial court has no discretion except to sever because of the fundamental difference of the causes of action and requirements of substantially different evidence.

■ Although dicta, this is rejected as an inherent proposition by the Supreme Court in *Arnold v. National County Mutual Fire Insurance Company*, 725 S.W. 2d 165, 168 n. 1 (Tex.1987). Discovery relating to the filing and investigation of the insurance claim and materials relating to the insurance company's decision to either pay or not pay the claim, and information relating to the claim as between the Defendant insurance company, its agents, representatives and other employees would be privileged under Rule 186a, Tex.R.Civ.P., for the first cause of action but not for the second bad faith claim. However, the Defendant insurance company's privilege not to disclose these matters would remain intact as long as the first cause of action based upon the uninsured motorist provision remains undetermined. *Maryland American General Insurance Company v. Blackmon*, 639 S.W.2d 455 (Tex.1982).

■ At this juncture, there are no incongruous matters of circumstance yet developed that would proscribe the trial court's exercise of discretion. The trial court has wide discretion to order (or not order) separate trials when judicial convenience is served and prejudice avoided. *Simpson v. Phillips Pipe Line Company*, 603 S.W.2d 307 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

No abuse of discretion being shown, the writ of mandamus must be denied. *Johnson v. Fourth Court of appeals*, 700 S.W.2d 916 (Tex.1985).