**GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**Melvin D. HANDY, Appellee.**

**No. 08–88–00118–CV.**

Court of Appeals of Texas, El Paso.

Feb. 22, 1989.

Rehearing Denied March 22, 1989.

W. Bernard Whitney, W. Bernard Whitney, P.C., Sandra W. Gould, Gould & Associates, Fort Worth, for appellant.

Stephen L. Brannan, Law Offices of Stephen L. Brannan, Ruff Ahders, Ruff Ahders, Associated, Odessa, Michol O'Connor, Houston, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a suit by a policyholder against his health insurer, the jury returned a verdict in favor of the policyholder. We affirm.

Appellee Melvin Handy (Handy) purchased a major medical expense policy issued by Appellant General Life and Accident Insurance Company (General Life). Handy later suffered a serious heart condition, resulting in open heart surgery. Appellant General Life denied coverage, asserting Handy's condition was excluded from coverage under the policy because his condition manifested itself before thirty days after the effective date of the policy. In addition, the Appellant contended that the pre-existing clauses of the policy barred recovery because two years had not elapsed from the effective date of the policy. This lawsuit resulted in a verdict and judgment for the policyholder.

Appellee alleged a cause of action for breach of contract and also a cause of action for breach of duty of good faith and

fair dealing, a claimed violation of Tex.Ins. Code Ann. art. 21.21 (Vernon 1981). The jury found for Handy under both theories. The jury found Appellee had incurred medical expenses in the recoverable amount of $24,921.71; $7,500.00 was awarded for Handy's past mental anguish suffered and exemplary damages in the amount of $100,000.00. The jury awarded as attorney fees through the trial court, the Court of Appeals, and the Texas Supreme Court the respective amounts of $25,000.00, $5,000.00 and $5,000.00.

## THE EVIDENCE

Handy applied for medical insurance with Appellant General Life on or about June 13, 1984. Handy asserted that Appellant's sales agent, Ted Fina, inquired about four pre-existing conditions: cancer, heart disease, diabetes and high blood pressure. Handy and his wife answered "no" to Fina's questions concerning these pre-existing conditions. Fina explained to them that if a client answered "yes" to having any pre-existing conditions then a "rider" would be attached to the policy which would have the effect of not covering them for that particular illness for a period of twelve months. Appellant General Life did issue Appellee Handy a policy without a "rider" attached.

In November 1984, Handy developed chest pains and was given a resting electrocardiogram by Dr. Patterson who then assured Handy that he did not have a heart problem and advised him that the pains were related to something else. Handy returned to work (as a plumber) and had no further symptoms until June 1985, when he experienced pain in his arm. Handy consulted Dr. Woodward, who administered a stress test on June 17, 1985. Handy failed the test. With the doctor's recommendation, Handy underwent an angiogram which revealed a serious blockage in his left main coronary artery. Handy testified that this was the first time that doctors had diagnosed a blockage to his heart and this was the first knowledge of a heart problem. Appellant contended Handy had stated to a Dr. Lee, at the time of the angiogram, (June 24, 1985) that he had

been experiencing chest discomfort and arm pains for over a year. Handy denied that he had made this statement to Dr. Lee.

Double bypass heart surgery was performed on Handy on July 22, 1985. In August, about a month after the surgery, Handy became aware that his medical bills were not being paid. General Life contended that the delay in payment of the bills was due in part to Handy's medical records not being received from Dr. Shelton and from the hospital. General Life finally received Handy's medical records. After reviewing the records, General Life denied Handy's medical claim on December 2, 1985, based on the opinion of its medical director, Dr. Julian, an obstetrician/gynocologist. Handy filed suit on March 5, 1986.

Appellant denied any liability relying on the following provisions in the policy:

SICKNESS means illness or disease of any Insured which first manifests itself thirty (30) days after the Effective Date of insurance and while the policy is in force.

Appellant contended that the illness or disease with which Appellee was hospitalized had first manifested itself before thirty days after June 25, 1984, the effective date of the policy.

Appellant further claimed that in addition to the above contention, the pre-existing clauses of the policy prevented recovery because two years had not elapsed from the effective date of the policy when Appellee was hospitalized.

## APPELLANT'S POINTS OF ERROR

Appellant thoughtfully designated eighty-five instruments in his transcript designation, but chose not to designate the trial court's charge. Appellant has asserted thirty-three points of error after being required to comply with Tex.R.App.P. 73(d). This Court denied Appellant's request to supplement the transcript by filing the trial court's charge. This request was untimely in that it was received ten days before submission. To allow this request would necessitate the postponement of the

date of submission due to the fact that the supplemental transcript had to be prepared and transmitted from Ector County, Texas. Rebriefing would also have to be ordered. The facts simply do not warrant the relief requested when the record shows a lack of valid objections to the trial court's charge, as set forth in the trial court's judgment.

We hold that Appellant's Points of Error Nos. One, Two, Three, Four, Six, Seven and Nine through Twenty-one and Twenty-nine through Thirty-three that complain of the special issues submitted and/or answered are waived by the failure to include the trial court's charge in the transcript. Tex.R.App.P. 74(f); *Town of Lindsay v. Cooke County Electric Cooperative Association,* 497 S.W.2d 406 (Tex.Civ.App. —Fort Worth 1973), rev'd on other grounds, 502 S.W.2d 117 (Tex.1973), *cert. denied,* 416 U.S. 970, 94 S.Ct. 1993, 40 L.Ed.2d 559 (1974). The burden is on the Appellant, or other party seeking review, to see that sufficient record is presented to show error requiring reversal. Tex.R.App. P. 50(d).

Points of Error Nos. Twenty-two through Twenty-four were withdrawn by Appellant from consideration by this Court when Appellant filed its supplemental points of error.

The transcript and statement of facts have been reviewed and do not show that Appellant requested any issues and/or instructions. Since the charge is not before us, we look only at the judgment which contains the eleven issues which were submitted along with the answers of the jury BUT NOT ANY INSTRUCTIONS that may have been given or what issues that were conditionally submitted.

The only objections made by Appellant to the trial court's charge were to Special Issue No. Two, which complained of the submission of the question of whether Appellant breached the terms of the contract with Appellee by refusing to pay his medical bill. Appellant contends that this was a matter of law for the court, and even assuming Appellant is correct, we find that the trial court approval of the jury's finding by entering judgment satisfies any ob-

jection. Further, no objection was made by Appellant to the submission of Special Issue No. One which in effect found that Appellant's condition was not excluded from coverage under the policy. Tex.R. App.P. 81.

Appellant objected to the submission of Special Issue No. Seven which was an issue concerning any damages for mental anguish. Appellant objected to the issue on the basis there was no evidence to support its submission. Appellee's own testimony alone was sufficient to overcome this objection when he testified about the worry of having unpaid medical bills.

Appellant's only other objections to the trial court's charge was to Special Issues Nos. Eight and Nine which pertained to any damage to Appellee's credit rating. The jury answered these two issues in Appellant's favor and therefore no harm resulted in the submission of these issues. Tex.R.App.P. 81. This was the extent of Appellant's objections to the court's charge. Referring to the trial court's judgment which does not contain the explanatory instructions nor detail which issues were conditionally submitted, we find the following issues as numbered in the charge were submitted without any objection by Appellant and resulted in favorable answers for Appellee Handy: (1) The question of whether Handy's heart problem was a sickness, as defined by the policy; (3) the amount of medical charges incurred by Handy; (4) Reasonable attorney's fees on behalf of Handy; (5) Whether General Life breached its duty of good faith and fair dealings in the handling of Handy's claim; (6) Whether the breach of duty of good faith and fair dealings was a proximate cause of any damage to Handy; (10) Whether the action of General Life was with conscious indifference to Handy's rights and welfare; (11) The amount of exemplary damages to be assessed against General Life.

If Appellant had any complaint as to the above issues then Appellant was required to point out to the trial court distinctly the objectionable matter and the

grounds of objection to the issues. Any complaint as to a question, definition, or instruction on account of any defect, omission, or fault in pleading is waived unless specifically included in the objections. Tex. R.Civ.P. 274. The Appellant did not make any objections to the submission of the above numbered issues and since the entire trial court's charge is not before us, Appellant is therefore precluded from complaining on "no evidence" and/or "insufficient evidence" grounds.

■ Points of Error Nos. Thirty-one, Thirty-two and Thirty-three concern the award of the exemplary damages, asserting that such an award was unconstitutional. Appellant made no objection in the trial court to the submission of these issues and, therefore, has waived any right to complain for the first time on appeal. Tex.R.App.P. 52(a).

Points of Error Nos. Thirty-one, Thirty-two and Thirty-three are overruled.

■ Point of Error No. Five asserts that the trial court erred in calculating pre-judgment interest at the rate of ten percent per annum instead of at the rate of six percent per annum. Appellant contends Tex.Rev. Civ.Stat.Ann. art. 5069–1.03 (Vernon 1987) provides that accounts and contracts are to bear interest at six percent per annum from thirty days from the date due until judgment. Appellant says that although the amount owed under the health policy could vary according to the medical illness, once the illness or medical expenses have been sustained, the insurance policy provides with certainty the amount Appellee is entitled to. In this respect, the insurance policy becomes a contract that ascertains the sum payable, allowing interest at six percent to be calculated according to Article 5069–1.03. However, the contract must provide guidance in ascertaining the measure of damages suffered by a party to the contract before Article 5069–1.03 becomes applicable. *Rio Grande Land & Cattle Company v. Light,* 758 S.W.2d 747, 748 (Tex.1988). It appears that the insurance contract in our present case does not contain a provision ascertaining the sum payable as to damages, and like the contract in

*Rio Grande Land & Cattle Company,* damages that were suffered could not be determined solely by reference to the contract. Therefore, pre-judgment interest at six percent, according to Article 5069–1.03 would not be appropriate and the calculation of pre-judgment interest at ten percent was correct.

Appellant's Point of Error No. Five is overruled.

■ Points of Error Nos. Twenty-five, Twenty-six and Twenty-eight assert the trial court erred in admitting evidence of the fact that Appellant General Life had been under state supervision because the information was confidential, prejudicial and resulted in the rendition of an improper verdict.

Appellee sought and received, by use of subpoena power, documents from the State Board of Insurance. Depositions had been set and were about to commence when the attorneys were informed that a new confidentiality statute had just become effective on the very day of the depositions (Article 21.28–A, sec. 3A(a) of the Insurance Code). However, the commissioner under his authority released documents requested by Handy. Appellant did not challenge the discovery under Tex.R.Civ.P. 166b(4) on the basis the information was confidential and nondiscoverable. Appellant offered no evidence proving the confidentiality of the evidence. *Giffin v. Smith,* 688 S.W.2d 112 (Tex.1985). In addition, under Article 21.-28A, sec. 3A(e) the Commissioner of Insurance has the power to make public information deemed in the best interest of the public. As to the objection on relevancy, we find that such evidence concerning Appellant's conduct in handling of claims was relevant to Appellee's cause of action for breach of duty of good faith and fair dealings. *Chitsey v. National Lloyds Insurance Company,* 738 S.W.2d 641 (Tex.1987).

Points of Error Nos. Twenty-five, Twenty-six and Twenty-eight are overruled.

■ Point of Error No. Twenty-seven asserts the trial court erred in failing to sever Appellee's various causes of action and grant separate trials. Tex.R.Civ.P. 174 au-

thorizes the trial court to grant such relief and vests the trial court with wide discretion. Appellant contends that it was improper for the breach of contract claim and breach of duty of good faith and fair dealings claim to be tried together, citing *Arnold v. National County Mutual Fire Insurance Company*, 725 S.W.2d 165 (Tex. 1987) as authority. However, in the *Arnold* case at 168, footnote 1, it is stated: "This does not mean that a contract claim and a claim for breach of the duty of good faith and fair dealing may not be tried together when possible." The trial court did not abuse its discretion in failing to sever the causes of action.

Point of Error No. Twenty-seven is overruled.

Point of Error No. Eight asserts the trial court erred in rendering judgment for Attorney Ruff Ahders.

We agree, and the trial court judgment should be reformed to award the attorney's fees as found by the jury to the Appellee Melvin Handy.

Point of Error No. Eight is sustained.

In conclusion, we have reviewed the pleadings, the evidence, the issues submitted and the answers by the jury (as set forth in the court's judgment). There was sufficient evidence to support the submission of those issues and also sufficient evidence to support the findings of the jury. We find no reversible error and, therefore, any claimed error was not of such a nature that resulted in or caused an improper verdict or judgment to be rendered. Tex.R. App.P. 81(b).

The judgment of the trial court is affirmed as reformed, awarding the recovery of attorney's fees to the Appellee instead of his attorney, Ruff Ahders.