**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Relator,**

v.

**The Honorable Bob PARKS, Judge of the 143rd Judicial District Court of Reeves County, Texas, Respondent.**

No. 08–93–00086–CV.

Court of Appeals of Texas, El Paso.

May 12, 1993.

---

Robert E. Motsenbocker, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Inc., Odessa, for relator.

Roddy L. Harrison, Pecos, Larry Zinn, San Antonio, for respondent.

OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

OSBORN, Chief Justice.

The Relator seeks a Writ of Mandamus to require the trial court to sever pending causes of action for breach of contract and for breach of the covenant of good faith and fair dealing along with claims under the Insurance Code and the Deceptive Trade Practices Act. In the trial court, in the alternative, Relator sought an order for separate trials of the causes of action. The Writ is denied.

### Facts

Manuel Villanueva and his wife Lily, and son Steven, sued Progressive County Mutual Insurance Company for breach of contract in failing to pay for damages sustained when Manuel Villanueva's truck, which was insured by Progressive, caught fire and burned. They also alleged violations of the Deceptive Trade Practices Act, the Texas Insurance Code and the duty of good faith and fair dealing. Progressive filed an answer and among other things answered that the loss was not accidental and that the fire was intentionally set and that there was no coverage under its policy. Within two weeks after filing its answer, Progressive filed its Motion for Severance and/or Separate Trial and Abatement. That motion was heard and denied approximately a week later. Progressive immediately filed its Motion for Leave to File Petition for Writ of Mandamus in this Court.

### Issue

Does the trial court's failure to sever the joining of a claim for breach of contract with a tort claim for breach of the duty of good faith and fair dealing require that an

appellate court grant a mandamus to order that those issues be tried separately?

## Decision

The answer is "No". Although mandamus will not automatically issue to require a severance or separate trial of two separate and distinct causes of action, the trial court should not rely solely upon limiting instruction as a means to prevent prejudice against one party where a severance or separate trials will avoid prejudice which most likely cannot be eliminated by any other means.

## Standard of Review

Traditionally, a writ of mandamus has been issued only to compel the performance of a ministerial act or duty. *Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138 (1939). But, now a writ will issue to correct a clear abuse of discretion committed by the trial court and where there is no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex. 1985). Likewise, there is an abuse of discretion if the trial court acted without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986). It is also said that the test is whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985).

## Analysis

It is important for courts to be realistic in their consideration of issues presented.[1] In this case, the trial court and this Court must be realistic in considering what issues will be presented to a jury and the analysis of whether or not harm can be cured by an instruction.

The Relator relies primarily upon two recent cases by the two Courts of Appeals in Harris County. In *State Farm Mutual Automobile Insurance Company v. Wilborn*, 835 S.W.2d 260 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), the Court conditionally granted mandamus directing the trial court to sever claims of breach of an insurance contract from bad faith claims. In that case, the relator had offered $20,000 in settlement of the uninsured motorist claim where the policy limits were $50,000. The plaintiff testified in her deposition that the grounds for her bad faith cause of action focused on the amount of the settlement offer. It was argued that evidence of the offer of settlement would be highly prejudicial and not admissible in a trial of the uninsured motorist cause of action but the offer would be admissible and likely relevant in the trial of the bad faith claim. Justice Junell noted three controlling reasons for the granting of a severance including (1) the doing of justice, (2) the avoidance of prejudice and (3) the furtherance of convenience. The Court said that both parties would lose a substantial right in the trial of the two claims together. If the settlement offer was received in evidence, the carrier would be substantially injured on the breach of contract claim. If the settlement offer was not received in evidence, the claimant would be substantially injured on the bad faith claim. The Court realistically concluded that a jury instruction on how to consider evidence of the offer of settlement "simply is not sufficient to prevent the prejudice of relator's substantial right in the uninsured motorist clause not to have evidence of a settlement offer interpreted

---

1. Is it realistic to conclude that when there is a collision between two trains and a crew member is killed that no litigation will ensue? In *Atchison, Topeka and Santa Fe Railway Company v. Kirk*, 705 S.W.2d 829 (Tex.App.—Eastland 1986, orig. proceeding), Justice Brown held that Santa Fe had good cause to believe a suit would be filed. In a per curiam opinion, the Supreme Court could not conceive that such circumstances could be good cause to believe a lawsuit would result. *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986). At last eyes have been opened, a realistic approach is taken and circumstances surrounding an accident can be sufficient to show good cause to believe a suit will be filed. *National Tank Company v. The Honorable Robert P. Brotherton, Judge*, 851 S.W.2d 193, 204–05 (1993).

as an admission of liability." 835 S.W.2d at 262.

Following that holding, the Court in *United States Fire Insurance Company v. Millard*, 847 S.W.2d 668 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding) ordered the trial court to sever an uninsured motorist claim from a bad faith claim and to abate the bad faith claims pending final resolution of the uninsured motorist claim. In that case, there had been an offer to settle by the carrier for $5,000 before suit was filed and an offer of $12,500 after suit was filed. The Court said that for a severance to be proper, the following elements are necessary: (1) the controversy must involve more than one cause of action, (2) the severed cause of action must be one that would be the proper subject of a lawsuit if independently asserted and (3) the severed causes must not be so intertwined as to involve the same identical facts and issues. Following other cases, the Court noted that a breach of an insurance contract claim is separate and distinct from bad faith, Insurance Code or D.T.P.A. causes of action.

The Court conditionally granted the writ for two reasons. First, it agreed with the holding in *Wilborn* that a severance was necessary to avoid problems inherent with settlement offer evidence and the resulting prejudice. As a second, and equally compelling ground, the Court noted that if the defendant prevails on the issue of liability on the breach of contract claim, then the bad faith and other claims have no merit. Thus, "[i]t would be a waste of the court's, the jury's, the parties', and the attorneys' time to hear evidence on the bad faith claims...." 847 S.W.2d at 673. Interestingly, the Court in its opinion says "[p]rior to the *Wilborn* clarification, trial courts were understood to have discretion whether or not to sever and abate contract claims and bad faith claims. *See General Life & Accident Ins. Co. v. Handy*, 766 S.W.2d 370, 375 (Tex.App.—El Paso 1989, no writ); *Motors Ins. Corp. v. Fashing*, 747 S.W.2d 13, 14 (Tex.App.—El Paso 1988, orig. proceeding)." *Id.* at 675.

In this proceeding, the real party-in-interest relies primarily upon this Court's decisions in the *Handy* and *Fashing* cases. In *Fashing*, there was no issue raised about settlement offers and this Court noted that the insurance company's privilege not to disclose materials relating to its decision to either pay or not pay the claim would remain intact as long as the first cause of action based upon the uninsured motorist provision remained undetermined. In *Handy*, there was no issue raised about settlement offers and the Court relied upon a footnote in *Arnold v. National County Mutual Fire Insurance Company*, 725 S.W.2d 165, 168 (Tex.1987) to the effect that the two claims could be tried together "when possible". We made no determination as to when it would be possible and when not, such as did the Courts in *Wilborn* and *Millard*.

First, we note that there are no indications of any offers of settlement having been made in this case. Second, there is no indication of any attempts to discover privileged materials that might be admissible on one claim but not the other. If, at the time of trial, there has been an offer of settlement, the trial court would be justified in refusing to permit that evidence before the jury which tries the breach of contract case, if the plaintiff insists on trying the two claims to the same jury. Likewise, if evidence as to net worth is to be offered on the claim for exemplary damages, the trial court would be justified in refusing to permit that evidence before the jury which tries the breach of contract case. See *Wal–Mart Stores, Inc. v. Cordova*, 856 S.W.2d 768 (Tex.App.—El Paso 1993, n.w.h.).

One other case which has considered this same issue is *St. Paul Insurance Company v. McPeak*, 641 S.W.2d 284 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). In that case, the trial court submitted to the jury issues under the workers' compensation statute and issues as to unfair practices under the Texas Insurance Code. Based upon favorable findings, the trial court entered judgment for three times the value of the statutory total and permanent

workers' compensation benefits and attorney's fees. The Court of Appeals reversed and on Motion for Rehearing held that the trial court erred in failing to sever the two causes of action which it found "are fundamentally different from one another and require substantially different evidence." 641 S.W.2d at 289.

In this case, there is no suggestion of any prejudice which could result from evidence of settlement offers. We do not know what evidence might be offered on the bad faith claim and how it might affect the claim on the question of coverage for the damage resulting from the fire. No record was developed at the hearing on the motion in the trial court and the case is before this Court only on the pleadings. The issues and type of evidence can only be determined at a pretrial conference. But, neither counsel nor the trial court should rely upon instructions to cure all prejudicial evidence which might be admissible on one cause of action and not on another. *Wilborn*, 835 S.W.2d at 262.

In *Kuntz v. Spence*, 67 S.W.2d 254 (Tex. Comm'n App.1934, holding approved), it was recognized that the mention of insurance could be harmful. That holding was repeated in *Southland Greyhound Lines, Inc. v. Cotten*, 91 S.W.2d 326 (Tex.1936). The harmful effect was recognized in *Continental Oil Co. v. Barnes*, 97 S.W.2d 494, 499 (Tex.Civ.App.—Fort Worth 1936, writ ref'd) where the Court followed an earlier opinion stating "[n]o amount of admonition to the jury could remove the effects of the testimony...." A similar result was reached by this Court in *Shell Oil Company v. Reinhart*, 371 S.W.2d 722 (Tex.Civ. App.—El Paso 1963), *writ ref'd n.r.e.*, 375 S.W.2d 717 (Tex.1964) where the Court noted the error was of the "incurable" type and that an instruction to the jury not to consider the matter would not have that result.

### Conclusion

It would appear that the two Houston Courts of Appeals recognized that in these types of cases, instructions can be of little effect in avoiding prejudice. If the controlling reasons for a severance are the doing of justice, the avoiding of prejudice and the furtherance of convenience, then Wilborn and Millard were correctly decided because of the adverse effect the evidence of offers of settlement would have had in each of those cases. That important issue did not face the trial court in this case when the motion for severance or separate trials was denied. At a pretrial hearing, the trial court can still determine if there are other equally prejudicial issues which require either a severance or separate trials and if there are, we are confident the judge will take realistic and appropriate action to do justice and avoid prejudice.

The Petition for Writ of Mandamus is denied.