**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY,**
Relator,

v.

**The Honorable Bob PARKS, Judge of the 143rd Judicial District Court of Reeves County, Texas, Respondent.**

No. 08–93–00158–CV.

Court of Appeals of Texas,
El Paso.

July 2, 1993.

Robert E. Motsenbocker, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Inc., Odessa, for relator.

Roddy L. Harrison, Pecos, Larry Zinn, San Antonio, for respondent.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION ON DENIAL OF RELATOR'S MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

BARAJAS, Justice.

Relator in the instant case seeks granting of its motion for leave to file its appli-

cation for writ of mandamus. We deny motion for leave to file.

## I. PROCEDURAL HISTORY

In the underlying action, Manuel Villanueva, his wife Lily and his son Steven, sued Relator for breach of an insurance policy contract by failing to pay damages when Manuel's truck, which was insured by Relator, caught fire and burned. They also alleged violations of the Deceptive Trade Practices Act, the Texas Insurance Code and the duty of good faith and fair dealing. Relator answered asserting that there was no coverage under the policy because the loss was not accidental, the fire having been intentionally set.

Relator's motion for severance of the bad faith and other extra-contractual claims from the breach of contract cause of action having been denied by the trial court, brought a first petition to this Court for writ of mandamus to require the severance. We denied the petition, holding that no prejudice had been shown and that the trial court at a pretrial hearing should determine if there were prejudicial issues which would require separate trials. *Progressive County Mutual Ins. Co. v. Parks*, No. 08–93–00086–CV, 856 S.W.2d 776 (Tex.App.—El Paso 1993, orig. proceeding). Following a pretrial hearing, the trial court then severed the bad faith suit from the other causes and issued its order that the bad faith suit be tried first. Relator subsequently filed the present motion for leave to file petition for mandamus, claiming that the Respondent judge abused his discretion by ordering trial of the extra-contractual torts prior to trial of the contract dispute. In short, Relator seeks a writ of mandamus directing the trial court not to try the extra-contractual torts prior to trial of the contract dispute.

## I. DISCUSSION

A writ of mandamus will issue only to correct a clear abuse of discretion by the trial court. An abuse of discretion occurs when the trial court reaches a deci-

sion so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Volcanic Gardens Mgt. Co. v. Paxson*, 847 S.W.2d 343 (Tex.App.—El Paso 1993, orig. proceeding); *Dal–Briar Corp. v. Baskette*, 833 S.W.2d 612, 614 (Tex.App.—El Paso 1992, orig. proceeding). A relator must establish that the trial court reasonably could have reached but one decision. *Walker*, 827 S.W.2d at 839–40; *Volcanic Gardens Mgt. Co. v. Paxson*, 847 S.W.2d at 346. A clear failure of a trial court to analyze or apply the law correctly will constitute an abuse of discretion and may well result in the issuance of an extraordinary writ. *Walker*, 827 S.W.2d at 840. However, a relator must nonetheless carry its burden of showing that facts and law permit a trial court to make but one decision. *Keller Industries, Inc. v. Blanton*, 804 S.W.2d 182 (Tex.App.—Houston [14th Dist.] 1991, orig. proceeding); *Chamberlain v. Cherry*, 818 S.W.2d 201, 204 (Tex.App.—Amarillo 1991, orig. proceeding).

In the instant case, Relator effectively asks this Court to set the trial court's civil docket, an act clearly not within the province of this Court. Given the record before this Court for consideration, Relator has failed in its burden of showing that facts and law permit a trial court to make but one decision, i.e., the "proper" scheduling of civil cases for it for disposition.[1] Indeed, there are many significant factors that only the trial court can know, and properly consider in setting its docket: the number of days a case will take to try, the size of a panel needed to seat an impartial jury, the schedules of the trial judge, attorneys, litigants, and witnesses, just to name a few. Consequently, we find the trial did not abuse its discretion in the manner or order in which it has controlled its trial docket as it relates to the instant case, and we deny Relator's motion for leave to file its application for writ of mandamus.

KOEHLER, Justice, dissenting.

The majority of the panel has determined to deny the motion for leave to file Relator's petition for writ of mandamus. Concluding that the trial judge may have abused his discretion by ordering that the extra-contractual claims be tried prior to the trial of the underlying contractual claim, I dissent from that determination and opinion and would grant for the following reasons.

Even though the contractual and extra-contractual causes of action are separate and distinct and severance is proper because of prejudice or other valid reason, the extra-contractual claims should be abated until the contractual claim is determined. *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). The extra-contractual claims depend on the result reached in the contractual cause of action. Although it would be possible under Tex. R.Civ.P. 162 for a plaintiff to nonsuit an independent cause of action where there are two or more causes of action, one dependent on the outcome of the other, an argument can be made that in a case such as the one under consideration, a nonsuit of the contractual claim would result in a nonsuit of the noncontractual claims as well because they depend on the outcome of the other. To hold that the extra-contractual claims can be tried first could result in the anomalous situation where collateral estoppel or *res judicata* would bar the relitigation of the breach issue or the entire cause of action in the subsequent contractual claim trial. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). Evidence admissible in the bad faith trial but not admissible in the breach of contract trial would likely have a prejudicial effect on the jury's determination of the breach issue in the first trial (of the

---

1. The dissenting opinion is correct in stating that it would be possible under Tex.R.Civ.P. 162 for the plaintiff in the action below to nonsuit one of their independent causes of action where there are two or more causes of action, one dependent on the outcome of the other. We find no authority however, for the proposition that in a case such as the one under consideration, a nonsuit of the contractual claim would automatically result in a nonsuit of the noncontractual claims as well because they depend on the outcome of the other.

bad faith and other extra-contractual causes of action), the very problem that severance seeks to avoid. Finally, assuming that the prior trial of extra-contractual claims results in a judgment for the plaintiff and the subsequent breach trial results in a defendant's verdict, do both judgments stand? I don't think so.

Based on the opinion in *U.S. Fire Ins. Co. v. Millard* and on what may well be a clear abuse of discretion, I would grant leave to file Relator's petition for writ of mandamus so that it can be fully considered.