ALLSTATE INSURANCE COMPANY, Michael W. Johnston and Gary Keese, Relators,

v.

The Honorable Jack HUNTER, Judge, 94th Judicial District Court of Nueces County, Texas, Respondent.

No. 13–93–209–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1993.

Rehearing Overruled Sept. 29, 1993.

Mark C. Rains, Cullen, Carnser, Seerden & Cullen, Victoria, Roberta J. Hegland, Meredith, Donnell & Abernethy, Corpus Christi, for relators.

Ward H. Thomas, Jr., Sorrell, Anderson, Lehrman, Wanner & Thomas, Corpus Christi, for real party.

Before FEDERICO G. HINOJOSA, Jr., SEERDEN, and DORSEY, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Alfonso and Julia Peña sued Allstate Insurance Company, its adjuster, Gary Keese, and attorney Michael Johnston (collectively "Allstate") for breach of a homeowner's insurance policy, after Allstate refused to pay a claim for damages caused to the Peñas' residence by plumbing leaks. In addition to their claim for breach of the insurance contract, the Peñas also alleged breach of the duty of good faith and fair dealing, and statutory violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA) and the Insurance Code. In the course of litigation, Allstate has twice moved for severance and abatement of the non-contractual claims until the contract claim on the policy is resolved, and the trial court has twice denied Allstate's motions. In response to the trial court's overruling of its second motion to sever and abate, Allstate brings the present petition for writ of mandamus.

■ In particular, Allstate contends that severance of the contract claim from the tort claims is required because of the problems inherent in a joint trial with regard to evidence of settlement negotiations and of privileged matters such as advice of counsel regarding coverage. These matters would be prejudicial to Allstate and generally inadmissible in the trial of the contract claims,[1] but may be used defensively by Allstate against the claims of bad faith in order to show that it acted reasonably in its denial or delay of payment of the claim for damages.[2]

For purposes of the present original proceeding, we are faced with the issues of whether severance is required and, if so, whether mandamus is an appropriate remedy to correct the trial court's failure to sever.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Several courts of appeals have held that, under similar circumstances, mandamus is a proper remedy for the trial court's failure to sever contract from bad faith causes of action. *United States Fire Insurance Co. v. Millard*, 847 S.W.2d 668 (Tex.App.—Houston [1st Dist.] 1993, original proceeding) (uninsured motorist); *State Farm Mutual Automobile Insurance Co. v. Wilborn*, 835 S.W.2d 260 (Tex.App.—Houston [14th Dist.] 1992, original proceeding) (uninsured motorist); *see also Progressive County Mutual Insurance Co. v. Parks*, 856 S.W.2d 776 (Tex.App.—El Paso 1993, original proceeding) (casualty loss); *F.A. Richard and Associates v. Millard*, 856 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1993, original proceeding) (automobile liability). Because we do not believe that Allstate has shown that the trial court in this case abused its discretion by refusing to sever, we need not discuss whether relief by mandamus is appropriate, when severance is required, or whether an adequate remedy by appeal exists.

■ TEX.R.CIV.P. 41 provides generally for severance of improperly joined parties and claims and grants the trial court broad discretion in the matter of severance and consolidation of causes. *Guaranty Federal Savings Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) (on motion for rehearing). A claim is properly severable if 1) the controversy involves more than one cause of action, 2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and 3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Id.* at 658. The controlling reasons

---

1. TEX.R.CIV.EVID. 408 provides generally that evidence of settlement offers and negotiation is not admissible to prove liability or amount of damages.

2. A cause of action for breach of the duty of good faith and fair dealing, or for "bad faith," is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay. *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 167 (Tex.1987).

for a severance are to do justice, avoid prejudice and further convenience. *Id.* at 658.

■ Although the trial court has broad discretion in determining whether or not to sever causes of action, when all the facts and circumstances of the case unquestionably require a severance or separate trials to prevent manifest injustice and there is no fact or circumstance supporting or tending to support a contrary conclusion and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion and the trial court has a duty to order a severance or separate trials. *Millard,* 847 S.W.2d at 671–72; *see also Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956); *St. Paul Insurance Co. v. McPeak,* 641 S.W.2d 284, 289 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) *(on motion for rehearing).*

With these general principles in mind, the two Houston Courts of Appeals have held that a trial court's failure to sever the underlying contract claim on an uninsured motorist policy from a bad faith claim based on the insurer's denial of coverage amounts to an abuse of discretion.

In *State Farm Mutual Automobile Insurance Co. v. Wilborn,* 835 S.W.2d 260 (Tex. App.—Houston [14th Dist.] 1992, original proceeding), the insured sued State Farm to recover under an uninsured motorist provision of her automobile policy, as well as for bad faith, DTPA, and Insurance Code claims. State Farm had offered to settle the insurance claim for $20,000 out of the $50,000 policy limits, which offer was the focus of the bad faith claim. The 14th Court of Appeals agreed with State Farm that, if the claims were tried together, evidence of the offer of settlement, which would be relevant and necessary to State Farm's defense of the bad faith claim, would be otherwise inadmissible and highly prejudicial to State Farm's defense of the uninsured motorist claim.

The *Wilborn* Court noted that a breach of insurance contract claim is separate and distinct from bad faith, Insurance Code, or

DTPA causes of action and may constitute a complete lawsuit within itself, such that severance is appropriate and proper. *Id.* at 261; *see also Balderama v. Western Casualty Life Insurance Co.,* 794 S.W.2d 84, 89–90 (Tex. App.—San Antonio 1990), *rev'd on other grounds,* 825 S.W.2d 432 (Tex.1991). The 14th Court of Appeals concluded that, under the facts and circumstances of that case, the trial court had but one decision to make and that was to grant the motions for separate trials or severance of the contract claim from the non-contractual claims. Moreover, the Court disagreed with the contention of the insured that, if the claims were tried together, State Farm's interests could be adequately protected simply by giving a limiting instruction to the jury concerning the offer of settlement. The court held that such an instruction would be insufficient to prevent the prejudice of State Farm's right in the uninsured motorist cause not to have evidence of a settlement offer interpreted as an admission of liability. *Id.* at 262.

The 1st Court of Appeals subsequently considered the case of *United States Fire Insurance Co. v. Millard,* 847 S.W.2d 668 (Tex.App.—Houston [1st Dist.] 1993, original proceeding). As in *Wilborn,* the insureds sued the insurance company (U.S. Fire) to recover under an uninsured motorist provision of their automobile policy, as well as for bad faith, DTPA, and Insurance Code claims. U.S. Fire made settlement offers and the insureds based their bad faith claims on the inadequacy of those offers. Following *Wilborn,* the 1st Court of Appeals held that the trial court abused its discretion in failing to sever the contract from the bad faith claims.

As a second justification for severance, the *Millard* Court found that a joint trial of all causes of action would be inefficient. The court reasoned that, since bad faith, Insurance Code, and DTPA claims are generally dependent upon the outcome of the contract claim,[3] if, in the contract claim, the defendant prevails on liability or the plaintiff's damages are found not to exceed the amount of the

---

**3.** We note, however, that the contention that a bad faith claim is necessarily contingent upon the outcome of the underlying contract claim on the policy was rejected in *Viles v. Security Na-*

*tional Insurance Co.,* 788 S.W.2d 566 (Tex.1990), where denial of the contract claim on a technicality was held not to be fatal to the bad faith claim.

settlement offer, these findings will dispose of the other claims and "[i]t would be a waste of the court's, the jury's, the parties', and the attorneys' time to hear evidence on the bad faith claims when a finding in the contract lawsuit could be peremptorily dispositive." *Millard,* 847 S.W.2d at 673.

■ We acknowledge that evidence in some cases, which is at the same time prejudicial and beneficial to the defendant insurance company, may require a severance. We disagree, however, with the *Wilborn* and *Millard* courts that severance is required in *every* case or that judicial economy somehow mandates a severance. There is no general prohibition against trying contract and bad faith claims together, nor is severance of such claims always required. *See Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W.2d 165, 168 n. 1 (Tex.1987); *General Life and Accident Insurance Co. v. Handy,* 766 S.W.2d 370 (Tex.App.—El Paso 1989, no writ); *Motors Insurance Corp. v. Fashing,* 747 S.W.2d 13 (Tex.App.—El Paso 1988, original proceeding); *see also Progressive County Mutual Insurance Co. v. Parks,* 856 S.W.2d 776 (Tex.App.—El Paso 1993, original proceeding) (while the court generally acknowledges the rationale of *Wilborn* and *Millard,* it holds that the circumstances of the case do not require severance).

We see no difference between the joinder of contract/bad faith claims and the joinder of other such claims which are contingent or generally dependent upon an underlying claim, yet which may be joined and tried together with that underlying claim. Moreover, certain derivative claims must generally be tried together with the underlying claim from which they are derived. *See Rocha v. Ahmad,* 676 S.W.2d 149, 154 (Tex.App.—San Antonio 1984, writ dism'd) (suit for attorney's fees not ordinarily maintainable as a separate cause of action). However, the rationale of *Millard* would suggest that a contingent or dependent claim may never be joined and tried together with the underlying claim because of the possibility that the underlying claim may fail, and thus the time and effort spent on the contingent claim would have been wasted. We do not believe this is the law in Texas, nor do we believe that it should be.

Trial of the contingent claim together with the underlying claim, may be judicially efficient in more cases than it would be wasteful. If all claims were tried together and the claimant recovered on the underlying claim, the contingent claim would become viable and there would be no need for a second trial.

Having rejected the second rationale in *Millard* for requiring severance, we now examine the first reason, as adopted by both the Houston Courts of Appeals in *Wilborn* and *Millard,* and most recently by the El Paso Court of Appeals in *Progressive,* that the existence of settlement offers and privileged matters concerning claims and coverage determinations would be prejudicial and inadmissible with regard to the contract claim, yet relevant and highly beneficial to the insurer's defense against the bad faith claims.

■ We first note that the problem presented by a joint trial of the contract and bad faith claims does not involve a conflict between the interest of the plaintiff to present evidence of settlement offers or privileged materials and that of the defendant to exclude them. The defendant insurer is in no danger of losing its right to exclude evidence of settlement offers and to claim certain privileges by the trial court's refusal to sever the contract and bad faith actions, but has the right to maintain those rights and privileges for as long as the contract claims remain pending in the suit. *Maryland American General Insurance Co. v. Blackmon,* 639 S.W.2d 455 (Tex.1982); *Motors Insurance Corp. v. Fashing,* 747 S.W.2d 13, 14 (Tex.App.—El Paso 1988, original proceeding); *but see Service Lloyds Insurance Co. v. Clark,* 714 S.W.2d 437, 439 (Tex.App.—Austin 1986, original proceeding) (once the contract claim has been settled, the insurer may no longer claim a privilege for party communications occurring before it had notice of the bad faith claims).

The real problem in trying all of these claims together is an internal conflict which may unfairly force the insurer to choose between 1) insisting on its right to exclude evidence of settlement negotiations and coverage determinations (thereby losing the advantage of showing that it was attempting to be reasonable in defense of the bad faith

claims) and 2) putting on such evidence and risking a prejudicial inference that it has admitted liability on the contract action. Severances were required in *Wilborn* and *Millard* because there was no question that the alleged inadequacy of the settlement offers formed the basis of the bad faith claim and caused this type of unfair conflict to the defendant insurers. The *Progressive* Court, however, held that severance was not required because the evidence before the trial court failed to show that such a conflict would necessarily develop at trial. In *Progressive County Mutual Insurance Co. v. Parks*, 856 S.W.2d 776 (Tex.App.—El Paso 1993, original proceeding), the insured sued his insurer on the contract and for bad faith for failing to honor a claim by the insured for damages resulting from the burning of his truck. While the *Progressive* court accepted the rationale of *Wilborn* and *Millard,* the record in that case did not indicate any offers of settlement having been made nor any attempts by the plaintiff to discover privileged materials that might be admissible on one claim but not the other. The *Progressive* case suggests that pleadings alone showing the joining of contract and bad faith claims are insufficient to require severance, but that such concerns could have been substantiated at the hearing on the motion to sever or at a pretrial conference.

We find this reasoning persuasive. No presumption exists that the mere joining of contract and bad faith claims creates a conflict requiring severance. Rather, it is the movant's burden to show how it will be prejudiced and to present evidence to the trial court, *in camera,* if necessary, which forms the basis of the alleged conflict.

In the present case, in its most recent motion to sever and abate, Allstate contended generally that severance of the contract claim from the tort claims was required because of problems caused by evidence of settlement negotiations and offers. Allstate also raised the problem of its claim of attorney-client privilege concerning advice it received from its counsel regarding coverage. Allstate's motion, however, failed to allege any specific settlement negotiations or offers and further failed to present what specific advice it had received from its attorney or how such advice might be both prejudicial to its defense against the contract claim and beneficial to its defense against the bad faith claims.

At the April 9, 1993, hearing on its motion to sever and abate, Allstate presented argument, through counsel, concerning potential conflicts that would be created if the trial court required it to try both the contract and bad faith claims together. However, although the parties stipulated that representations by counsel could be considered as evidence, we find nothing more than generalized allegations of prejudice. We find that Allstate produced no evidence to the trial court, in open court or for *in camera* review, of specific settlement offers or the nature or contents of the allegedly privileged matters, so that the trial court could determine their prejudicial/beneficial potential.

We hold that Allstate has failed to carry its burden of proof; that Allstate failed to produce sufficient evidence at the hearing showing that it would be unfairly prejudiced by trying all causes of action in this case together; and that Allstate has failed to show that the trial court abused its discretion by refusing to sever the contract from the bad faith claims. We deny the petition for writ of mandamus.