NO. 12-03-00314-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


IN RE: TRINITY UNIVERSAL
§
 


INSURANCE COMPANY,
§
 ORIGINAL PROCEEDING


RELATOR
§
 

 

MEMORANDUM OPINION


 In this original proceeding, Relator Trinity Universal Life Insurance Company ("Trinity")
seeks a writ of mandamus requiring the trial court to (1) vacate its order denying Trinity's motion
for severance and abatement and (2) enter an order granting the motion in its entirety. For the
reasons set forth below, we deny Trinity's petition.


Background


 This original proceeding arises out of a personal injury action for damages filed by Real Party
in Interest Jonienne Hughes ("Hughes") as a result of an automobile accident with a vehicle driven
by Britton Ray Elliott ("Elliott"). Hughes sued Elliott for negligence in causing the accident and 
subsequently settled with Elliott for his policy limits of $25,000. Contending that her damages
exceed Elliott's policy limits, Hughes sued Trinity, the insurer of the vehicle Hughes was driving
at the time of the accident, seeking underinsured motorist ("UIM") benefits. Hughes also asserts
claims against Trinity for violations of Texas Insurance Code articles 21.55 and 21.21 and for breach
of the duty of good faith and fair dealing based upon Trinity's refusal to pay Hughes its UIM limit.

 Based on the fact that Hughes has not established Elliott is liable to her in an amount in
excess of $25,000, Trinity filed a motion to sever and abate the bad faith claims until the resolution
of the UIM action. The trial court conducted a hearing on Trinity's motion and entered an order
denying Trinity's motion. This original proceeding followed.


Prerequisites to Mandamus


 Mandamus is "an extraordinary remedy, available only in limited circumstances." Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus will issue to correct a clear abuse of
discretion when there is no other adequate remedy at law. Id. A trial court abuses its discretion if
it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of
law." Id. at 839 (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)).
In other words, the relator must establish that the trial court could reasonably have reached only one
decision. Id. 

 

Abuse of Discretion


 A separate trial of any claim or issue may be ordered by the trial court in furtherance of
convenience or to avoid prejudice. Tex. R. Civ. P. 174(b). Severance of claims under the Texas
Rules of Civil Procedure rests within the sound discretion of the trial court. Liberty Nat'l Fire Ins.
Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996). 

 A claim for UIM benefits is contractual in nature and therefore separate and distinct from bad
faith claims. E.g., In re Trinity Universal Ins. Co., 74 S.W.3d 463, 467 (Tex. App.-Amarillo 2001,
orig. proceeding); State Farm Mut. Auto Ins. Co. v. Wilborn, 835 S.W.2d 260, 261 (Tex. App.
--Houston [14th Dist.] 1992, orig. proceeding). In most instances, an insured may not prevail on
a bad faith claim without first showing that the insurer breached the contract. Republic Ins. Co. v.
Stoker, 903 S.W.2d 338, 341 (Tex. 1995). 

 When both types of claims are tried together, the insurer may be forced to choose between
(1) insisting on its right to exclude evidence of settlement negotiations and coverage determinations,
thereby losing the advantage of showing that it was attempting to be reasonable in defense of the bad
faith claims, and (2) putting on such evidence and risking a prejudicial inference that it has admitted
liability on the contract. Allstate Ins. Co. v. Hunter, 865 S.W.2d 189, 193-94 (Tex. App.--Corpus
Christi 1993, no pet.). Thus, depending on the facts of the case, the insurer could be prejudiced to
such an extent that a fair trial on the contract claim would become unlikely. See Akin, 927 S.W.2d
at 631. However, no presumption of prejudice arises merely because contract and bad faith claims
are joined in the same action. Hunter, 865 S.W.2d at 194. Therefore, severance is not always
required. See Akin, 927 S.W.2d at 630 (rejecting inflexible rule that would deny trial court all
discretion and require severance whenever contractual and bad faith claims are asserted in the same
action); see also Hunter, 865 S.W.2d at 193 (no general prohibition against trying contract claims
and bad faith claims together nor is severance of such claims always required); Progressive County
Mut. Ins. Co. v. Parks, 856 S.W.2d 776, 778 (Tex. App.--El Paso 1993, orig. proceeding)
(mandamus will not automatically issue to require severance or separate trial of contractual and bad
faith claims). (1) The burden is on the party seeking severance to show how it will be prejudiced if the
claims are tried together and to present the evidence to the trial court, in camera if necessary, that
forms the basis of its claims. See Hunter, 865 S.W.2d at 194.

 In its motion for severance and abatement, Trinity alleged generally that privileged material
such as counsel's evaluation and investigative claim files and settlement negotiations are
inadmissible on the contract claim, but would be admissible on the bad faith claims. Trinity also
argued that severance and abatement is required because (1) it will be highly prejudiced as a result
of the inherent problems which inevitably arise when trying a UIM claim jointly with
extracontractual claims requiring the injection of insurance; and (2) limited judicial and party
resources will potentially be wasted because the bad faith claims are necessarily dependent on the
resolution of the UIM claim and therefore can be rendered moot by the first proceeding. However,
it is undisputed that Trinity did not make a settlement offer. At the hearing on its motion, Trinity
did not contend that Hughes has attempted to discover privileged materials that might be admissible
on one claim but not the other, nor did it disclose what evidence it intended to offer to defend the
bad faith claims. In short, Trinity produced no evidence at the hearing to substantiate its claims of
prejudice and inconvenience. Consequently, Trinity failed to meet its burden to show that it would
be prejudiced if Hughes's contract and bad faith claims are tried together.

Conclusion
 

 Because Trinity did not meet its burden of proof, the trial court did not abuse its discretion
by denying Trinity's motion to sever and abate Hughes's bad faith claims. Accordingly, Trinity's
petition for writ of mandamus is denied.




 DIANE DEVASTO 

 Justice



Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

























(PUBLISH)
1. Trinity contends that Akin and Hunter are distinguishable because they each involve a first-party claim and
not a UIM claim. However, we do not consider this distinction legally significant in determining the issue before us.