NUMBER 13-06-00245-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE ALLSTATE TEXAS LLOYDS AND DAVID RADIGAN, Relators.

 


On Relators' Petition for Writ of Mandamus.


 


O P I N I O N



Before Justices Hinojosa, Rodriguez, and Garza


Opinion by Justice Hinojosa



 The underlying civil action is a suit for damages based on an alleged breach of a
homeowner's policy. The real party in interest, Minerva Martinez, filed suit against relators,
Allstate Texas Lloyd's and David Radigan ("Allstate"), (1) for breach of contract and extra-contractual "bad faith" claims under the common law, the Texas Insurance Code, and the
Texas Deceptive Trade Practices Act. The real party in interest rejected Allstate's offer to
settle the disputed part of the contract claim. Allstate moved to sever and abate the extra-contractual claims from the contract action on grounds its offer to settle the contract claims
would be prejudicial in the breach of contract case. (2)
 The Honorable Bobby Flores, sitting
temporarily in the 93rd District Court of Hidalgo County, denied the motion, but ordered that
"any admissible evidence regarding Plaintiff's extra-contractual claims that is prejudicial to
Plaintiff's contract claim will be bifurcated from the other evidence in this case." This
original proceeding ensued. After due consideration of the petition for writ of mandamus
and the response thereto, we deny relators' petition for writ of mandamus as discussed
herein.

A. Mandamus


 The alleged wrongful denial of the motion to sever and abate may be reviewed by
petition for writ of mandamus. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136
(Tex. 2004) (orig. proceeding). 

B. Severance


 A separate trial of any claim or issue may be ordered by the trial court in furtherance
of convenience or to avoid prejudice. Tex. R. Civ. P. 174(b). Under the rules of civil
procedure, any claim against a party may be severed and proceeded with separately. Tex.
R. Civ. P. 41. We review the trial court's decision to deny a motion to sever for an abuse
of discretion. See Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996). A
claim is properly severable if (1) the controversy involves more than one cause of action,
(2) the severed claim is one that would be the proper subject of a lawsuit if independently
asserted, and (3) the severed claim is not so interwoven with the remaining action that they
involve the same facts and issues. See Guar. Fed. Sav. Bank v. Horseshoe Operating
Co., 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g); see also Tex. R. Civ. P. 41 (providing
that "actions which have been improperly joined may be severed . . . on such terms as are
just. Any claim against a party may be severed and proceeded with separately."). 

 The controlling reasons for a severance are to do justice, avoid prejudice, and
further convenience. Guar. Fed. Sav. Bank, 793 S.W2d at 658. The trial court abuses its
discretion if it fails to order a severance when "all of the facts and circumstances of the
case unquestionably require a separate trial to prevent manifest injustice, and there is no
fact or circumstance supporting or tending to support a contrary conclusion, and the legal
rights of the parties will not be prejudiced thereby." Womack v. Berry, 156 Tex. 44, 291
S.W.2d 677, 682-83 (1956) (orig. proceeding).

C. Contractual and Extra-Contractual Claims


 In the instant case, relators contend that severance and abatement are mandatory. 
According to relators, "Texas courts mandate that claims must be severed and abated
when an insurer has made a settlement offer on a disputed contract claim in cases
involving both contractual and extra-contractual claims." In fact, relators contend that the
"trial court had no discretion in determining whether severance and abatement of extra-contractual claims were proper." 

 In contrast, the real party in interest argues that the trial court retains discretion to
determine the necessity for severance, even in the context of bad-faith cases. The real
party in interest further attacks the alleged settlement offer at issue in terms of its timing,
its amount, and its authorization with regard to whether or not the settlement offer
constituted a bona fide effort to settle the contractual claims. Finally, the real party in
interest asserts that the bifurcation order will prevent any prejudice to Allstate. 

 There are a multitude of cases examining the propriety of, or necessity for,
severance in the context of insurance litigation involving contractual and extra-contractual
claims. In 1996, the Texas Supreme Court rejected "an inflexible rule that would deny the
trial court all discretion and . . . require severance in every case [involving bad-faith
insurance claims], regardless of the likelihood of prejudice." Liberty Nat. Fire Ins. Co. v.
Akin, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding). Thus, the question of whether
to sever lies within the discretion of the trial judge. Id. In Akin, the Texas Supreme Court
directly addressed the propriety of severance in the context of bad faith claims. 

A severance may nevertheless be necessary in some bad faith cases. A trial
court will undoubtedly confront instances in which evidence admissible only
on the bad faith claim would prejudice the insurer to such an extent that a fair
trial on the contract claim would become unlikely. One example would be
when the insurer has made a settlement offer on the disputed contract claim.
See Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 4 (Tex. 1986) (holding that
settlement offers are inadmissible to prove or disprove liability on a claim).
As we have noted, some courts have concluded that the insurer would be
unfairly prejudiced by having to defend the contract claim at the same time
and before the same jury that would consider evidence that the insurer had
offered to settle the entire dispute. See, e.g., Lerner, 901 S.W.2d at 753;
Northwestern Nat'l, 862 S.W.2d at 46; F. A. Richard, 856 S.W.2d at 767;
United States Fire Ins. Co., 847 S.W.2d at 673; Wilborn, 835 S.W.2d at 262.
While we concur with these decisions, we hasten to add that evidence of this
sort simply does not exist in this case. In the absence of a settlement offer
on the entire contract claim, or other compelling circumstances, severance
is not required. Allstate Ins. Co. v. Hunter, 865 S.W.2d 189, 194 (Tex.
App.-Corpus Christi 1993, orig. proceeding); Progressive County Mut. Ins.
Co. v. Parks, 856 S.W.2d 776, 777 (Tex. App.-El Paso 1993, orig.
proceeding).


Id. 

 Several post-Akin original proceedings grant mandamus and compel severance in
insurance cases involving breach of contract claims and bad faith claims where there are
settlement offers. See, e.g., In re Trinity Universal Ins. Co., 64 S.W.3d 463, 468 (Tex.
App.-Amarillo 2001, orig. proceeding) (trial court abused its discretion by denying
severance since the insurer had a substantial right to exclude evidence of its settlement
offers and negotiations in the trial of the UIM claim). (3) The language utilized in some of
these opinions would seem to suggest that severance is mandatory if there is a settlement
offer on the disputed part of the contract case. See, e.g., In re Republic Lloyds, 104
S.W.3d 354, 358 (Tex. App.-Houston [14th Dist.] 2003, orig. proceeding) ("Thus, pursuant
to Akin, a severance is required when the insurer has made a settlement offer on the entire
breach of contract claim."). (4)

 We reject any contention that Akin mandates severance in all bad faith cases as a
matter of course. It is clear that, as a fundamental matter, the Texas Supreme Court has
directed us that the standard of review on severance is abuse of discretion, even in the
instant context, that is, when an insurer has made a settlement offer on a disputed contract
claim in a case involving both contractual and extra-contractual claims. Akin, 927 S.W.2d
at 630. Prejudice is not simply presumed merely because contract and bad faith claims
are joined in the same action. See Allstate Ins. Co. v. Hunter, 865 S.W.2d 189, 194 (Tex.
App.-Corpus Christi 1993, orig. proceeding) (relators failed to carry their burden of proof
in showing prejudice, as there was no presumption that the mere joining of contract and
bad faith claims created a conflict requiring severance and relators made only generalized
allegations of prejudice). Therefore, severance is not always required. See Akin, 927
S.W.2d at 630 (rejecting inflexible rule that would deny trial court all discretion and require
severance whenever contractual and bad faith claims are asserted in the same action); see
also Hunter, 865 S.W.2d at 193 (no general prohibition against trying contract claims and
bad faith claims together nor is severance of such claims always required); Progressive
County Mut. Ins. Co. v. Parks, 856 S.W.2d 776, 778 (Tex. App.-El Paso 1993, orig.
proceeding) (mandamus will not automatically issue to require severance or separate trial
of contractual and bad faith claims). Rather, the burden is on the party seeking severance
to show how it will be prejudiced if the claims are tried together and to present the evidence
to the trial court, in camera if necessary, that forms the basis of its claims. See Hunter,
865 S.W.2d at 194. In other words, relators must still carry the burden of proof to show
that severance is required. See, e.g., In re Republic Lloyds, 104 S.W.3d 354, 359-60 (Tex.
App.-Houston [14th Dist.] 2003, orig. proceeding) (where homeowner's proof of loss
statement was adequately explained by homeowner, and given inconclusive nature of
proof regarding relators' offer to settle, relators did not conclusively prove they offered to
settle entire breach of contract claim); see also In re Allstate Ins. Co., No. 06-05-051-CV,
2005 Tex. App. LEXIS 3610, *6 (Tex. App.-Texarkana May 11, 2005, orig. proceeding)
(memorandum opinion) ("Allstate has not provided this Court with evidence of what
settlement offer was tendered, if any"); Allstate Ins. Co. v. Evins, 894 S.W.2d 847, 850
(Tex. App.-Corpus Christi 1995, orig. proceeding) (denial of insurers' motion to sever
contractual and extra-contractual claims was proper because it was assumed that jury
would follow limiting instruction to limit their consideration of settlement offers to
determination of bad faith claims).

 We conclude that the relators have failed to carry their burden to such an extent that
"a fair trial on the contract claim would become unlikely." Akin, 927 S.W.3d at 630. As
noted previously, the trial court ordered bifurcation of the trial as to evidence regarding the
bad faith claims that is prejudicial to the contract claim. The trial court's order states, in
part:

ORDERED that Defendants' Motion for Severance and Abatement is
DENIED. The trial of Plaintiff's contractual and extra-contractual claims will
be tried to the same jury at the same time. However, any admissible
evidence regarding Plaintiff's extra-contractual claims that is prejudicial to
Plaintiff's contract claim will be bifurcated from the other evidence in this
case.


Given the bifurcation, Allstate has not met its burden to show the court how it would be
prejudiced by denial of its motion for severance. In re Republic Lloyds, 104 S.W.3d at 358;
see In re Ben E. Keith Co., No. 02-06-071-CV, 2006 Tex. App. LEXIS 6836, *12-*13 (Tex.
App.-Fort Worth Aug. 3, 2006, orig. proceeding) (opinion) (discussing bifurcation as cure
for prejudice); see also In re Allstate Ins. Co., 2005 Tex. App. LEXIS 3610, at *5. ("Here,
bifurcating the issues into two trials allows for the necessary protections for each party
within the trial court's discretion."). 

D. Conclusion


 We conclude that the trial court did not abuse its discretion in denying Allstate's
motion to sever. Accordingly, we deny relators' petition for writ of mandamus.


 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this

the 14th day of September, 2006.




1. VIP Insurance was also a defendant in the proceeding below, but is not a party to this original
proceeding.
2. In most instances, an insured may not prevail on a bad faith claim without first showing that the
insurer breached the contract. Republic Ins. Co. v. Stoker, 903 S.W.2d 338, 341 (Tex. 1995). When both
types of claims are tried together, the insurer could be forced to choose between (1) insisting on its right to
exclude evidence of settlement negotiations and coverage determinations, thereby losing the advantage of
showing that it was attempting to be reasonable in defense of the bad faith claims, and (2) putting on such
evidence and risking a prejudicial inference that it has admitted liability on the contract. Allstate Ins. Co. v.
Hunter, 865 S.W.2d 189, 193-94 (Tex. App.-Corpus Christi 1993, no pet.). Thus, depending on the facts of
the case, the insurer could be prejudiced to such an extent that a fair trial on the contract claim would become
unlikely. See Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 631 (Tex. 1996).

3. See also In re State Farm Mut. Auto. Ins. Co., No. 14-06-00161-CV, 2006 Tex. App. LEXIS 3639,
*4 (Tex. App.-Houston [14th Dist.] April 27, 2006, orig. proceeding) (memorandum opinion) (insurer was
entitled to mandamus relief compelling trial court to sever and abate uninsured motorist breach of contract
claim from insured's extra-contractual claims because insured had filed a breach of contract claim as well as
extra-contractual claims and settlement offer had been made by insurer, which did not have an adequate
remedy by appeal); In re Allstate Tex. Lloyd's, No. 14-05-00762-CV, 2005 Tex. App. LEXIS 7333, *11 (Tex.
App.-Houston [14th Dist.] Sept. 2, 2005, orig. proceeding) (memorandum opinion) (denial of relator's motion
to sever was improper pursuant to Texas Rules of Civil Procedure 41 and 174(b) where the trial of the
contractual claims, along with the bad faith claims, would not have afforded the relator an adequate remedy
by appeal; the court was unpersuaded by real parties' assertion that the settlement offer was irrelevant under
Texas Rule of Evidence 408 to the bad faith claim); In re Allstate Ins. Co., No. 01-02-01235-CV, 2003 Tex.
App. LEXIS 4024, *4 (Tex. App.-Houston [1st Dist.] 2003, orig. proceeding) (memorandum opinion) (trial court
erred by denying the insurer's motion to sever and abate the extra-contractual claims from the breach of
contract claim, so that evidence of the settlement offer would not be admitted in the breach of contract case).
4. See also In re Trinity Universal Ins. Co., No. 12-03-00314-CV, 2003 Tex. App. LEXIS 10095, *6
(Tex. App.-Tyler Nov. 26, 2003, orig. proceeding) (memorandum opinion) (where no settlement offer, insurer
failed to meet its burden to show that it would be prejudiced if the insured's contract and bad faith claims were
tried together, therefore, trial court did not err in denying the insurer's motion to sever and abate the bad faith
claims).