NUMBER 13-08-00149-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: TRINITY UNIVERSAL INSURANCE COMPANY






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Vela


Memorandum Opinion by Justice Yañez (1)



 Relator, Trinity Universal Insurance Company ("Trinity"), filed a petition for writ of
mandamus in the above cause on March 24, 2008, through which it contends that the trial
court abused its discretion in denying relator's motion to sever and abate extra-contractual
claims from the underlying breach of contract case. We conditionally grant the petition for
writ of mandamus as stated herein. 

I. Background 


 Real party in interest, Susanna Nichols d/b/a No Nam Boutique ("Nichols"), owned
a boutique which sustained roof and water damage from a tropical storm in 2002. 
Nichols's contractors stated that the only way to repair the boutique's damaged roof was
to replace it in its entirety; however, Trinity refused to replace the entire roof and paid only
for repairs and patches to the existing roof. 

 Nichols's insurer, Trinity, paid the "undisputed" portion of her claim, $5,396.60, on
October 11, 2002, but refused to pay her entire claim. Nichols's roof continued to leak
during subsequent rainstorms, causing additional damages to the boutique and its
contents. 

 On October 9, 2003, Nichols brought suit against Trinity for contractual and
extra-contractual claims, including fraud and misrepresentation, violations of the common
law duty of good faith and fair dealing, the Texas Insurance Code, and the Texas
Deceptive Trade Practices Act. On October 10, 2005, Trinity offered to settle Nichols's
extra-contractual claims for $500.00. Following a court-ordered appraisal, Trinity paid
Nichols an additional $7,307.73 on December 8, 2006. Trinity offered to settle Nicols's
contractual and extra-contractual claims for $20,000.00 on August 17, 2007. 

 Trinity moved to sever and abate Nichols's statutory and extra-contractual claims
pending resolution of her insurance contract claims. Trinity contends that severance and
abatement of Nichols's extra-contractual claims is required because it made a settlement
offer on a disputed claim, and evidence regarding its settlement offer is admissible to rebut
Nichols's extra-contractual claims, but is not admissible with respect to her contract claims. 
Trinity thus alleges that it will be unfairly and unduly prejudiced if a jury hears evidence of
its settlement offers during the trial on the breach of contract claim. 

 The trial court denied Trinity's motion, and this original proceeding ensued. The
Court requested and received a response from Nichols and further received a reply brief
from Trinity. 

II. Standard of Review


 Mandamus relief is an "extraordinary" remedy. In re Sw. Bell Tel. Co., L.P., 235
S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d
257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator
must show that the trial court clearly abused its discretion and that the relator has no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36
(Tex. 2004) (citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding));
see In re McAllen Med. Ctr., Inc., No. 05-0892, 51 Tex. Sup. Ct. J. 1302, 2008 Tex. LEXIS
759, at *6 (Tex. Aug. 29, 2008) (orig. proceeding). To satisfy the clear abuse of discretion
standard, the relator must show that the trial court could "reasonably have reached only
one decision." Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex. 1996) (quoting
Walker, 827 S.W.2d at 840). The reviewing court cannot disturb the trial court's decision
unless it is shown to be arbitrary and unreasonable. Walker, 827 S.W.2d at 840. 

 We may not substitute our judgment for that of the trial court with respect to the
resolution of factual issues or matters within the trial court's discretion. Id. at 839-40. With
respect to the trial court's decision on legal issues, our review is much less deferential. Id.
at 840. A trial court has no discretion in determining what the law is or applying the law to
the facts. Id. Thus, a clear failure by the trial court to analyze or apply the law correctly
will constitute an abuse of discretion. Id. 

 Mandamus will not issue unless the relator demonstrates a clear right to the relief
sought. Cobra Oil & Gas. Co. v. Sadler, 447 S.W.2d 887, 895 (Tex. 1968) (op. on reh'g);
In re Castle Tex. Prod. Ltd. P'ship, 189 S.W.3d 400, 403 (Tex. App.-Tyler 2006, orig.
proceeding). The party seeking mandamus relief has the burden to provide this Court with
a sufficient record to establish his right to relief. Walker, 827 S.W.2d at 837; In re Gallardo,
269 S.W.3d 643, 645 (Tex. App.-San Antonio 2008, orig. proceeding); see Tex. R. App.
P. 52.3(k), 52.7(a). 

 Appeal is an inadequate remedy when a trial court's failure to sever contractual and
extra-contractual claims constitutes an abuse of discretion. In re Allstate Ins. Co., 232
S.W.3d 340, 342 (Tex. App.-Tyler 2007, orig. proceeding); see In re Prudential Ins. Co.
of Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); In re Allstate Texas Lloyds,
202 S.W.3d 895, 896 (Tex. App.-Corpus Christi 2006, orig. proceeding).

III. Severance of Contractual and Extra-Contractual Claims


 Severance is governed by rule 41 of the Texas Rules of Civil Procedure. See Tex.
R. Civ. P. 41. Rule 41 provides, in part, that "[a]ctions which have been improperly joined
may be severed . . . on such terms as are just. Any claim against a party may be severed
and proceeded with separately." See id. Claims are properly severable if: (1) the
controversy involves more than one cause of action; (2) the severed claim is one that
would be the proper subject of a lawsuit if independently asserted; and (3) the severed
claim is not so interwoven with the remaining action that it involves the same facts and
issues. Guar. Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex.
1990). The controlling reasons for a severance are to do justice, avoid prejudice, and
promote convenience. F.F.P. Op. Partners, L.P. v. Duenez, 237 S.W.3d 680, 693 (Tex.
2007). 

 The trial court has "broad" discretion in the severance of causes of action. Morgan
v. Compugraphic Corp., 675 S.W.2d 729, 734 (Tex. 1984); Black v. Smith, 956 S.W.2d 72,
75 (Tex. App.-Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not
unlimited. See In re Gen. Agents Ins. Co. of Am., Inc., 254 S.W.3d 670, 673-74 (Tex.
App.-Houston [14th Dist.] 2008, orig. proceeding). The trial court has a duty to order
severance when "all of the facts and circumstances of the case unquestionably require a
separate trial to prevent manifest injustice, and there is no fact or circumstance supporting
or tending to support a contrary conclusion, and the legal rights of the parties will not be
prejudiced thereby." Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 682-83 (1956) (orig.
proceeding).

 The parties agree that our analysis of the issue herein is controlled by Liberty
National Fire Insurance Company v. Akin, the leading Texas Supreme Court case involving
the severance of contractual and extra-contractual claims. See generally 927 S.W.2d 627
(Tex. 1996) (orig. proceeding). The parties disagree, however, as to the effect of that
opinion on the instant dispute. 

 In Akin, the Texas Supreme Court considered whether or not severance was
required in a case involving breach of contract and extra-contractual claims against an
insurer. Id. at 628. The supreme court analyzed the contractual and extra-contractual
claims presented by the plaintiff and held the trial court did not abuse its discretion in
denying the insurance company's motions for severance and abatement. Id. at 630. While
refusing to grant mandamus relief, the supreme court rejected "an inflexible rule that would
deny the trial court all discretion and . . . require severance in every case [involving
bad-faith insurance claims], regardless of the likelihood of prejudice." See id. Ultimately,
the court concluded that the contractual and extra-contractual claims were interwoven, with
most evidence admissible on both claims, and that any prejudicial effect could be
ameliorated by appropriate limiting instructions. Id.

 A severance may nevertheless be necessary in some bad faith cases. A trial
court will undoubtedly confront instances in which evidence admissible only
on the bad faith claim would prejudice the insurer to such an extent that a fair
trial on the contract claim would become unlikely. One example would be
when the insurer has made a settlement offer on the disputed contract claim.
As we have noted, some courts have concluded that the insurer would be
unfairly prejudiced by having to defend the contract claim at the same time
and before the same jury that would consider evidence that the insurer had
offered to settle the entire dispute. While we concur with these decisions, we
hasten to add that evidence of this sort simply does not exist in this case. In
the absence of a settlement offer on the entire contract claim, or other
compelling circumstances, severance is not required.


Id. (internal citations omitted). 

 In the instant case, the contractual and extra-contractual claims are factually
interwoven. Trinity "does not contest" that Nichols had a covered loss, and thus, the
dispute at issue largely centers on the damages sustained by Nichols. Accordingly, the
trial court may have reasonably concluded that a trial on Nichols's breach of contract claim
would not eliminate the need for a trial on her extra-contractual claims. In re Travelers
Lloyds of Tex. Ins. Co., 273 S.W.3d 368, 375 (Tex. App.-San Antonio 2008, orig.
proceeding); see Progressive Cty. Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 922 (Tex. 2005)
(recognizing bad faith claims are generally negated by a lack of coverage under the
insurance policy); Akin, 927 S.W.2d at 630-31 (recognizing that a judgment for the insurer
on the coverage claim prohibits recovery premised only on the bad faith denial of a claim
and does not necessarily bar all claims for bad faith). Thus, one of the justifications for
severance, that is, avoiding the effort and expense of conducting discovery on claims that
may be rendered moot in a previous trial, is not present in the instant case because the
disposition of Nichols's contractual claim may not render moot her extra-contractual claims. 
 The factual underpinnings for Nichols's contractual and extra-contractual claims are
interwoven; however, the evidence pertinent to these claims is not similarly admissible for
both types of claims. The settlement offer, which normally would be inadmissible in the
trial of Nichols's breach of contract claim, would ordinarily be admissible in the trial of the
extra-contractual claims. Moreover, in the instant case, the trial court did not attempt to
fashion a remedy for the prejudice occasioned by proof of a settlement offer during the trial
of the contractual claim. (2) Absent any such action, we conclude that the trial court abused
its discretion in denying the motion for severance and abatement. See Akin, 927 S.W.2d
at 630. 

 IV. Conclusion


 Because we conclude the trial court acted outside the boundaries of its discretion
in refusing severance and abatement, and in failing to fashion any other remedy to prevent
prejudice, under the facts and circumstances of this case, we CONDITIONALLY GRANT
Trinity's petition for a writ of mandamus. Accordingly, the stay previously imposed by this
Court is LIFTED. See Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order
granting temporary relief is effective until the case is finally decided."). We direct the trial
court to vacate its order denying Trinity's motion to sever and abate and to conduct further
proceedings in this case consistent with this opinion. The writ will issue only if the trial
court fails to comply with our directive.



 

 LINDA REYNA YAÑEZ,

 Justice





Memorandum Opinion delivered and filed 

this the 30th day of March, 2009. 
1. See Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. We recognize that a trial court is obligated to schedule its cases in such a manner as to
expeditiously resolve them and that a trial court is given broad discretion in managing its docket. See, e.g.,
Clanton v. Clark, 639 S.W.2d 929, 931 (Tex. 1982). Given the many competing interests involved, fairness
to the parties, judicial economy, and the trial court's right to manage and control its docket, some courts have
held that severance and abatement are not the only valid procedures available to the trial court in insurance
cases such as the instant one. See, e.g., In re Travelers Lloyds of Tex. Ins. Co., 273 S.W.3d 368, 374-75
(Tex. App.-San Antonio 2008, orig. proceeding) (allowing bifurcation rather than severance); In re Allstate
Tex. Lloyds, 202 S.W.3d 895, 900 (Tex. App.-Corpus Christi 2006, orig. proceeding) (same). Given the
procedural underpinnings of this case and the petition for writ of mandamus currently before us, we express
no opinion on this issue herein.