

NUMBER 13-08-00149-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: TRINITY UNIVERSAL INSURANCE COMPANY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Yañez[1]

Relator, Trinity Universal Insurance Company ("Trinity"), filed a petition for writ of

mandamus in the above cause on March 24, 2008, through which it contends that the trial

court abused its discretion in denying relator's motion to sever and abate extra-contractual

claims from the underlying breach of contract case. We conditionally grant the petition for

writ of mandamus as stated herein.

### I. Background

Real party in interest, Susanna Nichols d/b/a No Nam Boutique ("Nichols"), owned

a boutique which sustained roof and water damage from a tropical storm in 2002.

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Nichols's contractors stated that the only way to repair the boutique's damaged roof was to replace it in its entirety; however, Trinity refused to replace the entire roof and paid only for repairs and patches to the existing roof.

Nichols's insurer, Trinity, paid the "undisputed" portion of her claim, $5,396.60, on October 11, 2002, but refused to pay her entire claim. Nichols's roof continued to leak during subsequent rainstorms, causing additional damages to the boutique and its contents.

On October 9, 2003, Nichols brought suit against Trinity for contractual and extra-contractual claims, including fraud and misrepresentation, violations of the common law duty of good faith and fair dealing, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. On October 10, 2005, Trinity offered to settle Nichols's extra-contractual claims for $500.00. Following a court-ordered appraisal, Trinity paid Nichols an additional $7,307.73 on December 8, 2006. Trinity offered to settle Nicols's contractual and extra-contractual claims for $20,000.00 on August 17, 2007.

Trinity moved to sever and abate Nichols's statutory and extra-contractual claims pending resolution of her insurance contract claims. Trinity contends that severance and abatement of Nichols's extra-contractual claims is required because it made a settlement offer on a disputed claim, and evidence regarding its settlement offer is admissible to rebut Nichols's extra-contractual claims, but is not admissible with respect to her contract claims. Trinity thus alleges that it will be unfairly and unduly prejudiced if a jury hears evidence of its settlement offers during the trial on the breach of contract claim.

The trial court denied Trinity's motion, and this original proceeding ensued. The Court requested and received a response from Nichols and further received a reply brief from Trinity.

2

II. Standard of Review

Mandamus relief is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)); *see In re McAllen Med. Ctr., Inc.*, No. 05-0892, 51 Tex. Sup. Ct. J. 1302, 2008 Tex. LEXIS 759, at *6 (Tex. Aug. 29, 2008) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840). The reviewing court cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 840.

We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters within the trial court's discretion. *Id.* at 839-40. With respect to the trial court's decision on legal issues, our review is much less deferential. *Id.* at 840. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

Mandamus will not issue unless the relator demonstrates a clear right to the relief sought. *Cobra Oil & Gas. Co. v. Sadler*, 447 S.W.2d 887, 895 (Tex. 1968) (op. on reh'g); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.–Tyler 2006, orig. proceeding). The party seeking mandamus relief has the burden to provide this Court with a sufficient record to establish his right to relief. *Walker*, 827 S.W.2d at 837; *In re Gallardo*,

3

269 S.W.3d 643, 645 (Tex. App.–San Antonio 2008, orig. proceeding); *see* TEX. R. APP. P. 52.3(k), 52.7(a).

Appeal is an inadequate remedy when a trial court's failure to sever contractual and extra-contractual claims constitutes an abuse of discretion. *In re Allstate Ins. Co.*, 232 S.W.3d 340, 342 (Tex. App.–Tyler 2007, orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *In re Allstate Texas Lloyds*, 202 S.W.3d 895, 896 (Tex. App.–Corpus Christi 2006, orig. proceeding).

### III.  Severance of Contractual and Extra-Contractual Claims

Severance is governed by rule 41 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 41. Rule 41 provides, in part, that "[a]ctions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and proceeded with separately." *See id.* Claims are properly severable if:  (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently  asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons for a severance are to do justice, avoid prejudice, and promote convenience. *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984); *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.–Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not unlimited. *See In re Gen. Agents Ins. Co. of Am., Inc.*, 254 S.W.3d 670, 673-74 (Tex. App.–Houston [14th Dist.] 2008, orig. proceeding). The trial court has a duty to order

4

severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682-83 (1956) (orig. proceeding).

The parties agree that our analysis of the issue herein is controlled by *Liberty National Fire Insurance Company v. Akin*, the leading Texas Supreme Court case involving the severance of contractual and extra-contractual claims. *See generally* 927 S.W.2d 627 (Tex. 1996) (orig. proceeding). The parties disagree, however, as to the effect of that opinion on the instant dispute.

In *Akin*, the Texas Supreme Court considered whether or not severance was required in a case involving breach of contract and extra-contractual claims against an insurer. *Id.* at 628. The supreme court analyzed the contractual and extra-contractual claims presented by the plaintiff and held the trial court did not abuse its discretion in denying the insurance company's motions for severance and abatement. *Id.* at 630. While refusing to grant mandamus relief, the supreme court rejected "an inflexible rule that would deny the trial court all discretion and . . . require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice." *See id.* Ultimately, the court concluded that the contractual and extra-contractual claims were interwoven, with most evidence admissible on both claims, and that any prejudicial effect could be ameliorated by appropriate limiting instructions. *Id.*

> A severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim. As we have noted, some courts have concluded that the insurer would be

> unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. While we concur with these decisions, we hasten to add that evidence of this sort simply does not exist in this case. In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required.

*Id.* (internal citations omitted).

In the instant case, the contractual and extra-contractual claims are factually interwoven. Trinity "does not contest" that Nichols had a covered loss, and thus, the dispute at issue largely centers on the damages sustained by Nichols. Accordingly, the trial court may have reasonably concluded that a trial on Nichols's breach of contract claim would not eliminate the need for a trial on her extra-contractual claims. *In re Travelers Lloyds of Tex. Ins. Co.*, 273 S.W.3d 368, 375 (Tex. App.–San Antonio 2008, orig. proceeding); *see Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (recognizing bad faith claims are generally negated by a lack of coverage under the insurance policy); *Akin*, 927 S.W.2d at 630-31 (recognizing that a judgment for the insurer on the coverage claim prohibits recovery premised only on the bad faith denial of a claim and does not necessarily bar all claims for bad faith). Thus, one of the justifications for severance, that is, avoiding the effort and expense of conducting discovery on claims that may be rendered moot in a previous trial, is not present in the instant case because the disposition of Nichols's contractual claim may not render moot her extra-contractual claims.

The factual underpinnings for Nichols's contractual and extra-contractual claims are interwoven; however, the evidence pertinent to these claims is not similarly admissible for both types of claims. The settlement offer, which normally would be inadmissible in the trial of Nichols's breach of contract claim, would ordinarily be admissible in the trial of the extra-contractual claims. Moreover, in the instant case, the trial court did not attempt to fashion a remedy for the prejudice occasioned by proof of a settlement offer during the trial

6

of the contractual claim.[2]  Absent any such action, we conclude that the trial court abused its discretion in denying the motion for severance and abatement.  *See Akin*, 927 S.W.2d at 630.

## IV.  Conclusion

Because we conclude the trial court acted outside the boundaries of its discretion in refusing severance and abatement, and in failing to fashion any other remedy to prevent prejudice, under the facts and circumstances of this case, we CONDITIONALLY GRANT Trinity's petition for a writ of mandamus.  Accordingly, the stay previously imposed by this Court is LIFTED.  *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").  We direct the trial court to vacate its order denying Trinity's motion to sever and abate and to conduct further proceedings in this case consistent with this opinion.  The writ will issue only if the trial court fails to comply with our directive.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 30th day of March, 2009.

---

[2] We recognize that a trial court is obligated to schedule its cases in such a manner as to expeditiously resolve them and that a trial court is given broad discretion in managing its docket.  *See, e.g., Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982).  Given the many competing interests involved, fairness to the parties, judicial economy, and the trial court's right to manage and control its docket, some courts have held that severance and abatement are not the only valid procedures available to the trial court in insurance cases such as the instant one.  *See, e.g., In re Travelers Lloyds of Tex. Ins. Co.*, 273 S.W.3d 368, 374-75 (Tex. App.–San Antonio 2008, orig. proceeding) (allowing bifurcation rather than severance); *In re Allstate Tex. Lloyds*, 202 S.W.3d 895, 900 (Tex. App.–Corpus Christi 2006, orig. proceeding) (same).  Given the procedural underpinnings of this case and the petition for writ of mandamus currently before us, we express no opinion on this issue herein.

7