

NUMBER 13-11-00412-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE OLD AMERICAN COUNTY MUTUAL
FIRE INSURANCE COMPANY, ET AL.

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Vela[1]**

Relators, Old American County Mutual Fire Insurance Company, Pronto General Agency, Beatrice Jimenez, and Raquel Hinojosa (collectively "Old American"),[2] filed a petition for writ of mandamus on July 6, 2011, seeking to compel the trial court to vacate its April 29, 2011 "Order Denying Defendants' Motion to Sever and Abate Extra-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Pronto General Agency is the authorized claims representative of Old American. Beatrice Jimenez and Raquel Hinojosa are two individual adjusters who were employed by Pronto General Agency during the course of the underlying proceedings.

Contractual Claims" and to compel the trial court to sever and abate the extra-contractual claims. We conditionally grant mandamus relief.

## I. BACKGROUND

Old American's petition for writ of mandamus alleges that the underlying suit arose from a motor vehicle accident involving plaintiffs Dina Montemayor, Krystal Montemayor, Lizette Garza, and the driver of another vehicle, Pasqual I. Vasquez. Vasquez is not a party to these proceedings. Plaintiffs asserted in their pleading that Dina Montemayor's vehicle was stopped behind a long line of vehicles at the Progreso Port of Entry to Mexico in Progreso, Texas, when Vasquez rear-ended her car. Krystal Montemayor and Lizette Garza were passengers in Dina's vehicle at the time of the collision. According to plaintiffs' pleadings, they received personal injuries in the collision. Plaintiffs further asserted that Vasquez did not have insurance, thus the plaintiffs brought a claim against Old American for uninsured/underinsured motorist ("UM/UIM") benefits pursuant to a standard automobile policy issued by Old American to Dina Montemayor. The plaintiffs' urged that their medical expenses totaled $11,049.69 for Dina Montemayor, $15,938.49 for Krystal Montemayor, and $8,698.10 for Lizette Garza. Old American offered to settle Dina's claims for $1,000.00, offered to settle Krystal's claims for $1,250.00, and offered nothing to settle Lizette's claims. In Plaintiffs' First Amended Response to Defendants' Motion to Sever and Abate Extra-Contractual Claims, they acknowledge that there had been no settlement with the third party tortfeasor.

The plaintiffs brought suit against Old American for breach of contract to pay UM/UIM benefits, breach of the duty of good faith and fair dealing for its refusal to pay

2

the claims when liability was "reasonably clear," violations of the Texas Insurance Code, and violations of the Texas Business and Commerce Code. Old American filed a motion to sever and abate the plaintiffs' extra-contractual claims from the underlying claim for UM/UIM benefits. According to Old American's motion, the plaintiffs cannot bring an extra-contractual damage claim until Old American's contractual liability has been determined and these separate and distinct causes of action must be severed. Old American argued in its petition that severance and abatement is mandatory to prevent prejudice, unnecessary litigation, and discovery quagmires. Old American also asserted that a severance was necessary because the introduction of evidence pertaining to the settlement offers, the policy limits, and the facts concerning its handling of the claims, as they relate to the bad faith claims, would prejudice Old American in the trial of the UM/UIM claim, and would confuse, complicate, and considerably lengthen the trial.

The plaintiffs filed a response and an amended response to the motion to sever. The plaintiffs contended that they were not obligated to obtain a judgment against the uninsured motorist and Old American's offers of settlement, which were unreasonably low or nonexistent, were not made in good faith. The plaintiffs also alleged that their claims were interwoven and thus could not be severed and Old American would not suffer injustice or prejudice if the claims were not severed. In the alternative, the plaintiffs sought a bifurcated trial or severance without abatement.

The trial court ultimately denied the motion to sever and abate. The record does not reflect a ruling on the plaintiffs' request for bifurcation. This original proceeding ensued.

By one issue, Old American contends that the trial court abused its discretion in refusing to sever and abate the plaintiffs' extra-contractual claims from the underlying contractual UM/UIM claims. Citing *Brainard v. Trinity Universal Insurance Company*, Old American contends that it has no contractual duty to pay benefits until the plaintiffs obtain a judgment establishing the liability and the underinsured status of the other motorist. 216 S.W.3d 809, 818 (Tex. 2006). Old American asserts that plaintiffs have not obtained such a judgment, and therefore, Old American currently has no contractual duty to pay their UIM/UM claims. Old American argues that severance is required for these unripe claims because the trial court lacks jurisdiction over them and further, because manifest injustice would occur if the contractual and extra-contractual claims were tried together. Old American also asserts that the extra contractual claims "are at best premature, and the resources of the parties and the trial court should not be expended on claims that may never become viable, or which may become moot based on the outcome of the trial of the UM/UIM claim." The Court requested and received a response to the petition for writ of mandamus from plaintiffs as the real parties in interest, and Old American filed a reply to this response.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, Old American must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., LP*, 164

4

S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Liberty Nat'l First Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). Appeal is an inadequate remedy when a trial court's failure to sever contractual and extra-contractual claims constitutes an abuse of discretion. *In re Allstate Ins. Co.*, 232 S.W.3d 340, 342 (Tex. App.—Tyler 2007, orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *In re Allstate Tex. Lloyds*, 202 S.W.3d 895, 896 (Tex. App.—Corpus Christi 2006, orig. proceeding).

### III. SEVERANCE OF CONTRACTUAL AND EXTRA-CONTRACTUAL CLAIMS

Severance is governed by Texas Rule of Civil Procedure 41. *See* TEX. R. CIV. P. 41. Rule 41 provides, in part, that "[a]ctions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and proceeded with separately." *See id.* Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons for a severance are to do justice, avoid prejudice, and

5

promote convenience.  *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984); *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding).  However, that discretion is not unlimited.  *See In re Gen. Agents Ins. Co. of Am., Inc.*, 254 S.W.3d 670, 673–74 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).  The trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby."  *Womack v. Berry*, 291 S.W.2d 677, 682–83 (Tex. 1956) (orig. proceeding).

Our analysis of the issue herein is controlled by *Liberty National Fire Insurance Company v. Akin*, the leading Texas Supreme Court case involving the severance of contractual and extra-contractual claims.  *See generally* 927 S.W.2d at 627.  In *Akin*, the Texas Supreme Court considered whether or not severance was required in a case involving breach of contract and extra-contractual claims against an insurer.  *Id.* at 628. The supreme court analyzed the contractual and extra-contractual claims presented by the plaintiff and held the trial court did not abuse its discretion in denying the insurance company's motions for severance and abatement.  *Id.* at 630.  While refusing to grant mandamus relief, the supreme court rejected "an inflexible rule that would deny the trial court all discretion and . . . require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice."  *See id.*  Ultimately, the

6

court concluded that the contractual and extra-contractual claims were interwoven, with most evidence admissible on both claims, and that any prejudicial effect could be ameliorated by appropriate limiting instructions. *Id.*

> A severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim. As we have noted, some courts have concluded that the insurer would be unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. While we concur with these decisions, we hasten to add that evidence of this sort simply does not exist in this case. In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required.

*Id.* (internal citations omitted).

Following *Akin*, numerous intermediate courts of appeals have considered whether it is an abuse of discretion for a trial court to refuse to order a severance of contractual claims from bad faith claims when a settlement offer has been made. *See, e.g., In re Miller*, 202 S.W.3d 922, 925–26 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding). In some instances, parties sought bifurcation of the contractual claims from the bad faith claims as an alternative to severance. *See In re Travelers Lloyds of Tex. Ins. Co.*, 273 S.W.3d 368, 373–75 (Tex. App.—San Antonio 2008, orig. proceeding); *In re Allstate County Mut. Ins. Co.*, 209 S.W.3d 742, 746–47 (Tex. App.—Tyler 2006, orig. proceeding); *In re Allstate Tex. Lloyds*, 202 S.W.3d at 900.

The San Antonio Court of Appeals recently considered the issues of severance and abatement in the context of a UM/UIM case. *See In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding). Utilizing the Texas Supreme Court's decision in *Brainard v. Trinity Universal Ins. Co.*, the court granted mandamus relief to compel severance and abatement of a UIM claim from related bad faith claims:

> [We] hold that United Fire is under no contractual duty to pay UIM benefits until Garcia establishes the liability and underinsured status of the other motorist. Therefore, United Fire should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. To require such would not do justice, avoid prejudice, and further convenience. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims.

*See id.*[3] The court concluded that United Fire did not have an adequate remedy by appeal because if mandamus were not granted, it stood to lose substantial rights by being required to prepare for claims that may be rendered moot and may have not even yet accrued. *See id.* (citing *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d. 668, 675 (Tex. App—Houston [1st Dist.] 1993, orig. proceeding); *In re Trinity Universal Ins. Co.*, 64 S.W.3d at 468). As stated by the Amarillo Court of Appeals, "Texas case law establishes that abatement of extra-contractual claims is required in most instances in which an insured asserts a claim to UIM benefits." *In re Farmers Tex. Cty. Mut. Ins.*

---

[3] In so holding, the San Antonio Court of Appeals acknowledged that *Brainard* involved the determination as to when presentment of a contract claim was made in order to determine whether a party was entitled to attorney's fees in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code rather than severance and abatement in the context of a UIM claim. *See In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding) (discussing *Brainard v. Trinity Universal Ins. Co.*, 216 SW.3d 809, 818 (Tex. 2006)).

8

*Co.*, No. 07-11-00396-CV, 2011 Tex. App. LEXIS 8190, *2–3 (Tex. App.—Amarillo Oct. 17, 2011, orig. proceeding) (op.).

Here, Old American is under no contractual duty to pay UM/UIM benefits until the plaintiffs establish the liability and underinsured status of the other motorist. The pleadings filed by plaintiffs, in response to the motion to sever, admit that there has been no settlement or judgment entered against the uninsured motorist. It is undisputed that Old American offered $1,000 and $1,250 to settle the claims of Dina Montemayor and Krystal Montemayor. Plaintiffs pleadings are unequivocal assertions of fact, and thus constitute a judicial admission that there has been no judgment against the uninsured motorist. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). Therefore, Old American should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UM/UIM benefits. To require such would not do justice, avoid prejudice, and further convenience. Under these circumstances, we conclude the trial court abused its discretion in refusing to sever the UM/UIM claims from the bad faith claims and abate the bad faith and exemplary damage claims pending the determination of Old American's liability for the UM/UIM damages under the policy.

## IV. CONCLUSION

We conclude the trial court abused its discretion in denying Old American's motion to sever and abate the plaintiffs' extra-contractual claims. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to vacate the April 29, 2011 "Order Denying Defendants' Motion to Sever and Abate Extra-

9

Contractual Claims," and to grant "Defendants' Motion to Sever and Abate Extra-Contractual Claims." The writ will issue only if the trial court fails to comply.

ROSE VELA
JUSTICE

Delivered and filed the
16th day of February, 2012.